ON MOTION TO DISMISS APPEAL
Before: ELLIS, SARTAIN and BLANCHE, JJ.
SARTAIN, Judge.
Under date of November 21, 1973, the Honorable Thomas W. Tanner, Judge, rendered judgment confirming Mrs. Manette S. Favrot as natural tutrix of the minor children, William Edward Favrot and Virginia Alice Favrot, and directed that Letters of Tutorship be issued to her upon her taking the oath prescribed by law.
On December 26, 1973, the judge a quo signed an order permitting Clifford F. Fa-vrot, Jr. to appeal suspensively from the judgment of November 21, 1973.
The instant motion was filed by attorneys for Mrs. Favrot contending that C.C. *748 P. Art. 4068 expressly prohibits a suspen-sive appeal in matters relating to “ . a judgment confirming, appointing or removing a tutor or an undertutor . . .” and that an appeal from such judgment must be taken within thirty days from the applicable dates provided in C.C.P. Art. 2087(1), (3).
Counsel for Mr. Clifford F. Favrot, Jr. (appellant) cites numerous reasons why the order of November 21, 1973, is illegal, invalid, and without effect. His principal contention deals with lack of notice to him as opposing counsel of record, and the consideration of the matter by Judge Thomas W. Tanner, Judge, Division “A” of the 22nd Judicial District Court instead of the Honorable Hillary J. Crain, Judge, Division “C” of the 22nd Judicial District Court. Additional reasons are assigned which we do not deem necessary to reiterate here.
Pursuant to the motion to dismiss, we issued an appropriate “Show Cause Order” on January 22, 1974, directing the parties to show cause, by briefs, on or before February 1, 1974, why the appeal should not be dismissed.
First, the provisions of C.C.P. Art. 4068 make it amply clear that a suspensive appeal is not available to an aggrieved party in matters relating to the appointment or removal of a tutor for minor children. However, the appeal can and should be maintained as devolutive and the same should be done in the instant matter. Successions of Keller and wife, 39 La.Ann. 579, 2 So. 553 (1887); Succession of Watt, 111 La. 937, 36 So. 31 (1903).
The appeal itself is returnable to this court on February 26, 1974. Because we do not have the full record before us we are unable to address our attention to those objections set forth by counsel for appellant, enumerated above. They will be given our consideration when the matter is assigned for argument by this court at an appropriate time following the lodging of the record with us.
Accordingly, for the foregoing reasons, the judgment of the district court, insofar as the same grants to appellant, Clifford F. Favrot, Jr., a suspensive appeal, is amended and his appeal shall be and is hereby considered devolutive. The cost of this motion is assessed against appellee, Mrs. Manette S. Favrot; all other costs are to await a final determination on the merits.
Motion to dismiss suspensive appeal is granted, judgment rendered ordering that appeal be maintained as devolutive.