CHIASSON, Judge.
Matthew P. Schneider, Jr., the decedent, died intestate on December 5, 1977, survived by his widow, Gardner Morrow Schneider and three major children, Dorothy Gardner Schneider Marshall, Matthew Peter Schneider, III, and Christopher Morrow Schneider.
On January 27, 1978, the widow, Gardner Morrow Schneider, was appointed provisional administratrix. Her petition alleged that the necessity of such appointment was to assure the continued successful operation of closely held corporations in which the decedent owned a substantial interest and to protect the interests of the succession therein. Mrs. Schneider’s letters of administration were issued the same day upon her filing the oath of office and furnishing security. The three children of the decedent signed as sureties on their mother’s bond. Mrs. Schneider proceeded to compile a detailed descriptive list of the assets of the succession, to administer the succession and to continue to operate the business.
The provisional administratrix, Mrs. Schneider, did not file a petition for notice of application for appointment as administrator provided for by La.CCP art. 3091.
On December 8, 1978, Matthew Peter Schneider, III filed a petition to be appointed permanent administrator of the succession. He alleged in his petition the need to continue the operation of the business and to protect the succession interests therein. *1382 He attached to his petition a certificate by the clerk of court that no request for notice of application for appointment as administrator had been filed. He was appointed permanent administrator by ex parte order on December 8, 1978. His letters of administration were issued the same day upon his compliance with the law.
Gardner Morrow Schneider on December 11, 1978, filed a petition to nullify the appointment of the permanent administrator and for a temporary restraining order. The temporary restraining order was issued but was dissolved on December 13, 1978. A hearing was set for January 8, 1979 on the preliminary injunction. On December 27, 1978, Mrs. Schneider was granted a stay of proceedings in order to file supervisory writs with this court. Mrs. Schneider’s writ sought to vacate the judgment of the lower court which appointed Matthew Peter Schneider, III the permanent administrator of his father’s succession. On January 17, 1979, this court issued the following order:
“Writs refused. While we have grave doubts as to the ex parte appointment of an administrator when the applicant has full knowledge of the existence of a provisional administrator, we deem it wise at this juncture to deny the writ so that this matter can proceed to an immediate hearing on Relatrix’s petition to have ex parte order rescinded and set aside.”
The lower court, subsequent to our order, set a hearing date of February 12, 1979. Mrs. Schneider obtained an appeal on February 6, 1979. The last day for appealing the December 8,1978 order was February 6, 1979. On February 21, 1979, this court granted an expedited appeal and fixed the case for oral argument on April 4,1979, and set the dates for filing of briefs.
On March 5, 1979, appellee, Matthew P. Schneider, III filed a motion to reassign the oral argument to a later date and a motion to dismiss. On March 8, 1979, this court denied the motion to reassign oral «argument and issued a show cause order on the motion to dismiss, referring the motion to the merits.
There are two issues on appeal. Ap-pellee, Matthew P. Schneider, III, made a motion to dismiss the appeal on the basis that the ex parte order appointing him as permanent administrator was an interlocutory judgment that did not cause irreparable injury and therefore was not appealable.
Under the General Rules of Procedure, which is Chap. 6 of Title I of Book VI, Probate Procedure of the Louisiana Code of Civil Procedure, Article 2974, it provides:
“Appeals from orders or judgments rendered in succession proceedings shall be governed by the rules applicable to appeals in ordinary proceedings, except that an order or judgment confirming, appointing, or removing a succession representative, or granting an interim allowance under Article 3321 shall be executed provisionally, notwithstanding appeal. “The acts of a succession representative shall not be invalidated by the annulment of his appointment on appeal.”
La.CCP art. 2122 in Book III, Appellate Procedure, is a sister provision to La.CCP art. 2974, and it provides:
“A judgment or order of a trial court appointing or removing a legal representative shall be executed provisionally notwithstanding an appeal therefrom.
“A judgment rendered on appeal vacating a judgment or order of the trial court appointing a legal representative does not invalidate any of his official acts performed prior to the rendition of the judgment of the appellate court.”
It is apparent that both of these provisions contemplate an appeal from an order of the trial court appointing a succession representative. We find that the judgment of the trial court in the instant case is an appealable judgment.
For the reasons given above, appellee’s motion to dismiss is denied.
The second issue is whether a provisional administrator, appointed for the purpose of continuing a business of the deceased, is entitled to notice of an application for appointment of a permanent administrator.
*1383 The succession procedure in Louisiana was revised in 1960 when the Legislature adopted the Code of Civil Procedure (CCP). We will examine the intent of these revisions in our discussion of this issue.
La.CCP art. 3111 provides:
“The court may appoint a provisional administrator of a succession, pending the appointment of an administrator or the confirmation of an executor, when it deems such appointment necessary to preserve, safeguard, and operate the property of the succession. On the application of an interested party, or on its own motion, when such an appointment is deemed necessary, the court may appoint a qualified person as provisional administrator forthwith.”
This provision incorporated the jurispru-dentially created rule that a court had the discretion to appoint a provisional administrator when it was necessary to continue the operation of an ongoing business enterprise which was part of the estate. See Succession of Coco, 184 La. 144, 165 So. 646 (1935); and Louisiana Civil Law Treatise, Vol. 10, Successions and Donations, Oppen-heim, § 225, pg. 334 (1973).
The courts, prior to the adoption of La. CCP, had wrestled with the problem of how to preserve the assets of a succession when they are in the form of an ongoing business. Obviously, without someone to manage and continue a business, the enterprise could be lost and thus a loss to the succession. In order to insure that the assets of the succession would be protected, while legal proceedings involving the succession were completed or until heirs could be put into possession or the will probated, etc., some method had to be provided to preserve, safeguard and operate the property of the succession while other proceedings took place. The appointment of a provisional administrator was the answer.
So important is the need to safeguard the continuation of a business that the new CCP also provided the court with the power to authorize a succession representative to do a number of things which are considered absolutely necessary for the efficient management of the estate. The CCP provides, after notice to heirs and creditors, and a contradictory hearing, if any oppose the request for authority, the district court can authorize the succession representative to continue any business owned by the deceased. See La.CCP art. 3224; and McMahon, The Revision of Probate Procedure, 1 La.Bar Journal 53.
La.CCP arts. 3224, 3225 and 3229 provide for the proper procedure for a district court to authorize a succession representative to continue a business of the deceased for the benefit of the succession.
La.CCP art. 3224 provides:
“When it appears to the best interest of the succession, and after compliance with Article 3229, the court may authorize a succession representative to continue any business of the deceased for the benefit of the succession; but if the deceased died testate and his succession is solvent, the order of court shall be subject to the provisions of the testament. This order may contain such conditions, restrictions, regulations, and requirements as the court may direct.”
La.CCP art. 3225 provides:
“When an application to continue business has been filed, the court may issue an interim ex parte order to the succession representative to continue the business immediately until such time as the procedure provided for by Article 3229 may be complied with. The order granted herein shall expire at the end of forty-five days unless extended by the court. “No appeal shall lie from the granting or denial of the interim order.”
La.CCP art. 3229 provides:
“When an application is made for an order under Articles 3198, and 3224 through 3228, notice of the application shall be published once in the parish where the succession proceeding is pending in the manner provided by law. When an application is made for an order under Article 3226 to grant a mineral lease, the notice shall also be published in the parish or parishes in which the affected property is *1384 located. The notice shall state that the order may be issued after the expiration of seven days from the date of publication and that an opposition may be filed at any time prior to the issuance of the order. If no opposition is filed, the court may grant the authority requested at any time after the expiration of seven days from the date of last publication.
“An opposition shall be tried as a summary proceeding.”
When Matthew P. Schneider, III petitioned to be appointed permanent administrator on December 8, 1978, he alleged as a reason for the administration that the business of the deceased needed to be continued in operation and the succession’s interest protected therein. He did not comply with the provisions of La.CCP arts. 3224, 3225 or 3229. The record reveals that as of the day Mr. Schneider was appointed administrator, the business was then being operated by the provisional administratrix. Mr. Schneider, on the date of his appointment, immediately took over the operation of the business, including the firing of the current management and placing himself in control.
Under these facts, there was no need for an interim order as contemplated by La.CCP art. 3225, but the court should have required compliance with La.CCP art. 3229.
We consider these provisions that we have cited significant because it expresses the intent of the legislature to safeguard and provide stability to an ongoing business of the succession in order that these assets might be preserved for the benefit of the succession.
The new CCP also provided for a means for applicants for the position of administrator to know if any interested person wishes to be notified of the filing of an application for appointment as administrator. We have reproduced La.CCP articles 3091-3098 and the comments thereto in Appendix 1.
Under La.CCP art. 3091 an interested person desiring to be notified of the filing of an application for appointment as administrator may petition the court for such notice. La.CCP art. 3092 specifies the form of such a petition.
However, to be sent notice the petitioner must file his petition within ten (10) days of the death of the deceased or prior to an application. La.CCP art. 3091. When notice has been petitioned for timely, an applicant for administrator must provide petitioner with a copy of his application and notify petitioner of the time for the hearing thereon. La.CCP art. 3093. The code provides how the court will proceed if notice has been petitioned for. La.CCP arts. 3094-3096. Under La.CCP art. 3094, if no notice is required, the court may appoint the applicant as administrator forthwith.
Appellee argues that appellant failed to comply with the provisions of La.CCP art. 3091 and therefore she was not entitled to notice of his application for appointment as administrator, nor was she entitled to have a contradictory hearing as to who should be permanent administrator.
We wish to note at the outset that appel-lee in his petition to be appointed permanent administrator made no mention of the existence of a provisional administrator. For the trial court to properly assess the need for permanent administrator of a succession as it relates to an ongoing business, we believe it is essential that the court be made aware by the pleadings of a provisional administrator who was appointed for the purpose of handling the ongoing business.
The intent of the notice provisions is found in the comments thereto (See Appendix 1). A two-pronged purpose is indicated. First, the method specified in La.CCP art. 3091 for notice is an easier means for interested parties to obtain the notice without having to either search the court records periodically or constantly search the local newspapers for the advertisement, which was the procedure in the Code of Practice. Secondly, La.CCP arts. 3091-3098 enables an applicant for administrator to determine if there is an interested person who had made an appearance in the record and if there is sufficient information in the record for the applicant to notify such interested persons of the applicant’s petition.
*1385 With these purposes in mind, it is clear that Mrs. Schneider evidenced herself as an interested party by her application and appointment as provisional administratrix. Appellee knew of her interest in fact because he signed as surety the bond his mother was required to post before her letters of administration could issue.
We turn next to the requisites for the form of petition for notice of application for appointment. La.CCP art. 3092 requires:
“A petition for notice under Article 3091 shall not be effective unless it is signed by the petitioner or his attorney, and sets forth: (1) the name, surname, and domicile of petitioner; (2) a statement of the interest of the petitioner; (3) the name, surname, and mailing address of the person to whom the requested notice shall be given; and (4) a prayer that the requested notice be given.”
We find Mrs. Schneider’s petition for appointment as provisional administratrix provides substantial compliance with La.CCP art. 3092. The only item lacking was the prayer that the requested notice be given.
Our overriding concern in interpreting these codal provisions is the public policy considerations incorporated into them which seek to protect and provide stability to an ongoing business enterprise. We believe the expression of the legislature’s concern for the operation of an ongoing business is seen in the codal provisions calling for a court’s determination of the proper person to maintain a business while other succession matters proceed to a conclusion. The protection of an ongoing business is a protection of succession assets so that when succession proceedings do conclude the assets of the business inure to the benefit of the proper recipients. We believe these objectives should be maintained.
With these reasons in mind, we find that Mrs. Schneider was entitled to notice of Matthew P. Schneider, Ill’s application for permanent administrator because the intent and purpose of the notice provisions were satisfied and substantial compliance was made with the statutory requisites for a petition for notice of application for appointment.
We find in the instant case that to protect and preserve an ongoing business and to continue the business, a determination of who shall administer the same should be made by a court after a contradictory hearing. We find in this factual situation that Matthew P. Schneider, III was required to give notice to the provisional administrator of his application for administration and that the court was required to set the matter for a contradictory hearing.
Because the business has had two administrators in one year’s time, and because our prime concern is with the stability and preservation of the business for the benefit of the succession, we remand this case to the district court with the following instructions:
(1) Matthew P. Schneider, III is to remain administrator until such time that the district court, after contradictory hearing, appoints an administrator;
(2) The district court is to hold a contradictory hearing as to the application for appointment of Matthew P. Schneider, III as administrator of the estate of Matthew P. Schneider, Jr. Appellant is to have notice of the date set for the contradictory hearing and an opportunity to oppose the application, if she so desires. This hearing shall be held within the delays as provided by law. Costs are left for a future determination.
MOTION TO DISMISS DENIED.
REVERSED AND REMANDED WITH INSTRUCTIONS.
APPENDIX 1
SECTION 2. ADMINISTRATORS
Art. 3091. Petition for notice of application for appointment
An interested person desiring to be notified of the filing of an application for appointment as administrator, at any time after the death of the deceased, may petition the court in which the succession has been opened, or may be opened, for such notice.
*1386 A petition for such notice shall comply with Article 3092, shall bear the number and caption of the succession proceeding, and shall be docketed and filed by the clerk in the record thereof.
When a petition for such notice has been filed within ten days of the death of the deceased, or prior to the application for appointment as administrator, the applicant for appointment shall serve the notice prayed for, as provided in Article 3093. Source: New; cf. Model Probate Code, § 66. Cross References: Arts. 3092, 3093, 3094.
Comments
(a) Under Arts. 967-973 of the Code of Practice and Art. 1117 of the Civil Code, an application for appointment as administrator must be advertised for ten days. This incurs unnecessary expense and produces unnecessary delay, especially in cases where no opposition to the application is made. In the rare case in which an interested party desires to oppose the application, his attorney either has to check the records of the court periodically, or gamble upon his ability to locate the judicial advertisement in the local newspaper.
For these reasons, rules similar to those contained in Sec. 66 of the Model Probate Code have been adopted. See Simes, Problems in Probate Law 94 (1946). These provisions will: (1) enable an interested person to receive notice of the application for appointment as administrator of the succession simply by filing the petition for notice; and (2) permit the expedition of the administration by granting discretion to the court to appoint the administrator forthwith, if no petition for notice has been filed. On this point, see McMahon, The Revision of Probate Procedure in Louisiana, 1 La.Bar J. 60-62 (October, 1953).
(b) The purpose of requiring a waiting period following the death of the deceased before any applicant can be appointed administrator is to afford a reasonable time for the filing of petitions for notice of the filing of an application for appointment.
(c) The reason for the express requirement that the petition for notice be docketed and filed by the clerk is to have this petition incorporated into the succession proceeding so effectively that counsel for any applicant for appointment can determine quickly and simply whether any such petitions have been filed, and thus enable him to comply with Art. 3093, infra, if he finds that such a petition has been filed.
(d) Neither Art. 3093 nor 3094, infra, requires or contemplates any court order upon the petition for notice. This is done to avoid throwing the burden of signing perfunctory and unnecessary orders upon district judges. Under these articles, the filing of the petition for notice automatically imposes the duty of serving notice upon any subsequent applicant for appointment, without the necessity for a court order.
(e) The sanction for the enforcement of the rule of the last paragraph of this article is the possibility of the removal of an administrator who fails to give notice of the filing of his application for appointment when required to do so, under the provisions of Art. 3182, infra.
(f) See, also, Comments under Art. 3442, infra.
Art. 3092. Form of petition for notice of application for appointment
A petition for notice under Article 3091 shall not be effective unless it is signed by the petitioner or his attorney, and sets forth: (1) the name, surname, and domicile of petitioner; (2) a statement of the interest of the petitioner; (3) the name, surname, and mailing address of the person to whom the requested notice shall be given; and (4) a prayer that the requested notice be given.
Source: New; cf. Model Probate Code, § 66.
Cross References: Arts. 3091, 3094.
Comment
See Comments under Arts. 3091, supra, and 3442, infra.
*1387 Art. 3093. Notice in compliance with petition
When notice has been petitioned for as provided in Article 3091, the applicant for appointment as administrator shall mail or deliver to the person designated to receive such notice a copy of his application for appointment, and shall notify him of the date and hour assigned by the court for a hearing thereon.
Source: New; cf. Model Probate Code, § 66. Cross References: Arts. 3091, 3094, 3182.
Comments
(a) The purpose of the requirement that any subsequent applicant serve a copy of his application for appointment upon the person designated to receive it is to make the notice effective by giving full and complete information. Since service of a certified copy of the application is not required, an office copy will suffice.
(b) The penalty for failure to give the required notice is the removal of the administrator. See Art. 3182, infra.
(c) See, also, Comments under Art. 3442, infra.
Art. 3094. Order on application for appointment
The court shall order the taking of an inventory, or the filing of a descriptive list as provided in Article 3136, of the property of the deceased upon the filing of an application for appointment as administrator.
If notice of the application for appointment is required under Articles 3091 through 3093, the court shall assign a date and hour for a hearing on the application, which shall be held not earlier than the eleventh day after the mailing or delivery of such notice. If no such notice is required, and ten days have elapsed since the death of the deceased, the court may appoint the applicant as administrator forthwith, unless he is disqualified under Article 3097.
Source: New; cf. Comments following.
Comments
(a)Heretofore, orders appointing a notary to take the inventory and for the publication of notice of the application for appointment as administrator were usually rendered simultaneously upon the filing of the petition for appointment, and the inventory was usually completed and returned before the court appointed the administrator. Under the above article, in the normal case when no request for notice of an application for appointment has been filed within ten days of the death of the deceased, the administrator will be appointed forthwith at the same time as the court orders the taking of the inventory, or the filing of the descriptive list of assets. Although the administrator cannot qualify until the inventory or descriptive list has been taken and filed, and security furnished, the taking of the inventory or descriptive list will be expedited, and the administration accelerated accordingly.
(b) Under Art. 3093, supra, the applicant for appointment as administrator must notify the person requesting the notice of the date and hour assigned for a hearing on the application.
(c) See, also, Comments under Arts. 3096, 3442, infra.
Art. 3095. Opposition to application for appointment
The opposition to an application for appointment as administrator shall be filed prior to the hearing on the application and shall be served on the applicant for appointment. This opposition shall comply with Article 2972, and shall allege the prior right of opponent to the appointment, or the grounds on which it is claimed the applicant is disqualified. If the opposition is based on a prior right to the appointment, the opponent shall pray that he be appointed administrator.
Source: New; cf. C.P. Arts. 970-973; C.C. Arts. 1118, 1119.
Comments
(a) Under Art. 2972, supra, the opposition filed in a succession proceeding must comply with the pertinent provisions of the rules in Arts. 853 through 863, supra.
(b) Art. 3097, infra, sets forth the grounds for the disqualification of the person who is named in a testament as testamentary executor, or who applies for appointment as administrator. The oppo *1388 sition to the application for appointment may be made either on the ground of a prior right of opponent to the appointment, or on the ground that the applicant is disqualified.
(c) Heretofore, a person opposing the application for appointment was required to allege and prove a prior right to the appointment and also claim the appointment himself. This last requirement has not been retained. A person having good reasons for opposing the application may not wish to claim the administration himself.
(d) See, also, Comments under Art. 3442, infra.
Art. 3096. Appointment when no opposition; appointment after trial of opposition
At the hearing on the application for appointment as administrator, if no opposition thereto has been filed, the court shall appoint the applicant, unless he is disqualified under Article . 3097.
If an opposition to the application for appointment has been filed prior to the hearing thereon, the court shall assign the opposition for trial. After this trial, the court shall appoint as administrator the qualified claimant having the highest priority of appointment.
If all of the claimants are disqualified under Article 3097, the court shall appoint a qualified person who is willing to accept the administration of the succession.
Source: New; cf. C.P. Art. 973.
Comments
(a) Art. 3094, supra, provides for a hearing on the application for appointment if an interested party has petitioned for notice of the application. Under this article, if the notice has been petitioned for and given, the court may still make an ex parte appointment, if no opposition has been filed prior to the hearing. If an opposition has been filed, then it must be tried.
(b) For the effect of an appeal from a judgment dismissing the opposition, and appointing the applicant, see Art. 2974, supra.
(c) Under this article, the court may appoint dual or plural administrators. See Art. 5055(1), infra.
(d) See, also, Comments under Art. 3442, infra.
Art. 3097. Disqualifications
No person may be confirmed as testamentary executor, or appointed dative testamentary executor, provisional administrator, or administrator who is:
(1) Under twenty-one years of age;
(2) Interdicted, or who, on contradictory hearing, is proven to be mentally incompetent;
(3) A convicted felon, under the laws of the United States or of any state or territory thereof;
(4) A nonresident of the state who has not appointed a resident agent for the service of process in all actions and proceedings with respect to the succession, and caused such appointment to be filed in the succession proceeding;
(5) A corporation not authorized to perform the duties of the office in this state; or
(6) A person who, on contradictory hearing, is proved to be unfit for appointment because of bad moral character.
Source: New; cf. Model Probate Code, § 96(b).
Cross References: Arts. 3082, 3094, 3096, 3182, 3404, 4067.
Comments
(a) There are no positive provisions in the Civil Code which set forth the grounds for the disqualification of a testamentary executor. Art. 1123 of the Civil Code provides that “If several persons claim the curatorship, the judge shall appoint one of them as curator, provided he has the requisite qualifications, and offers sufficient security.” An analysis of this article and others on the subject, however, indicates quite conclusively that the “qualifications” referred to relate to the qualifications for the necessary priority of appointment, such as “heir present or represented,” “surviving partner,” “surviving husband or wife,” or “creditor.” Despite the language used in Rust *1389 v. Randolph, 5 Mart. (O.S.) 89 (La.1817), to the effect that the rules of exclusion extend “only to those whom the law declares infamous,” it would appear that other disqualifications, such as minority, mental incompetency, and the lack of authority in law for an ordinary business corporation to be appointed as a succession representative, would also be recognized, if actual cases arose. These disqualifications, however, are usually invoked obliquely in cases of competition for the appointment, and in such cases, it is held the unsuccessful applicant does not fall within the classes to whom any priority of appointment is provided by law.
It is simpler and more effective to list expressly the disqualifications which would preclude the appointment and even disqualify a person nominated as executor in the testament.
(b) While Arts. 1045 and 1158 of the Civil Code indicate the possibility of there being a nonresident administrator of a succession, by providing that the attorneys in fact who represent absent heirs may claim the administration in their behalf, they neither make provision for the filing of a copy of the power of attorney in the succession proceeding nor make it clear whether the procuration should authorize the agent to perform any acts of administration, although Art. 1158(8) of the Civil Code would appear to imply this.
It would seem, however, that the only necessary requirement is that the nonresident appoint a resident agent for service of process in all actions and proceedings with respect to the succession. The great majority of the matters relating to the administration of a succession are routine and perfunctory, and these can readily be handled by communication between the nonresident and his counsel. Matters requiring the actual presence of the nonresident administrator in Louisiana could be handled personally by him in short visits to this state.
(c) The disqualification of “a person whom the court finds unsuitable” in Sec. 96(b)(6) of the Model Probate Code has not been included in this article. If the testator nominates a person to serve as executor, the latter should not be disqualified generally unless he is proved to be of bad moral character.
(d) As used in this article, the word “person” does not include a partnership or association of persons. See Art. 5251, infra.
(e) See, also, Comments under Arts. 3033, 3083, 3095, supra, and Arts. 3111, 3404, 3442, 4231, infra.
Art. 3098. Priority of appointment
When the appointment as administrator or dative testamentary executor is claimed by more than one qualified person, except as otherwise provided by law, preference in the appointment shall be given by the court in the following order to:
(1) The best qualified among the surviving spouse and the major heirs of the deceased;
(2) The best qualified of the nominees of the surviving spouse and of the major heirs of the deceased;
(3) The best qualified of the creditors of the deceased; and
(4) Any other qualified person.
“Best qualified,” as used in this article, means the claimant best qualified personally, and by training and experience, to administer the succession.
Source: New; cf. Model Probate Code, § 96(a).
Cross Reference: Art. 3404.
Comments
(a) Heretofore, the priority in appointment rested upon either: (1) close relationship, or (2) interest in the succession. If one of the competing applicants had the highest priority, he had to be appointed by the court whether he was qualified for the office or not. The court’s authority for selecting the best qualified applicant for appointment was applicable only when two or more beneficiary heirs applied for appointment. Otherwise, appointment depended entirely upon the particular class into which the applicant fell; and if two or more applicants be *1390 longed to the same class, then upon the one who filed his application first.
The above article places more emphasis upon the qualifications for the office. While it retains a priority based upon close relationship and interest, it permits the court, to some extent, to select the best qualified of the applicants, and broadens the base of selection by permitting the surviving spouse and competent major heirs to nominate qualified third persons for the office. Appointment is to be made on the basis of qualifications, without regard to who may have filed the first application.
(b) The “except as otherwise provided by law” clause gives effect to the provisions of treaties between the United States and several foreign countries, recognizing the right of foreign consuls to be appointed administrators of the successions of their deceased nationals. These treaty provisions, of course, constitute the paramount law of the state.
(c) Though the above article uses the words “qualified nominees” in paragraph (2), the intention is that a person who is given the privilege of nominating a suitable person for the office may make only a single nomination.
(d) See, also, Comments under Arts. 3194, 3442, Infra.