569 So.2d 555 (1990)
SUCCESSION OF Lee R. LeRUTH.
In re Tutorship of the Property of Chelsey LeRUTH and Danica LeRuth.
Nos. 90-CA-287, 90-CA-288.
Court of Appeal of Louisiana, Fifth Circuit.
October 11, 1990.
*556 Craig R. Nelson, Christina P. Fay, Regel Bisso, Hulse, Nelson & Wanek, New Orleans, for plaintiff-appellant Torey C. LeRuth.
Paul Pastorek, Mark S. Embree, Mark R. Beebe, Adams and Reese, New Orleans, for defendants-appellees Warren and Marie LeRuth.
Before KLIEBERT, DUFRESNE and GOTHARD, JJ.
KLIEBERT, Judge.
This is an appeal of the appointment of Torey LeRuth, the mother, as tutrix, and Warren LeRuth, the grandfather, as undertutor, to the property of the minors, Chelsey and Danica LeRuth. Each appeals the other's appointment. For the reasons hereafter stated, we affirm the trial court ruling *557 and remand the case for further proceeding.
Warren LeRuth and his wife, Marie, petitioned the court as "interested persons" to have either themselves or a financial institution appointed tutor of the property of their minor grandchildren. They alleged the natural tutrix (the mother) committed acts against or in conflict with the best interest of the children. The mother, in her capacity as Administratrix of the succession of Lee LeRuth (her husband and the father of the minors), filed a motion to dismiss the grandparents' petition. The motion was grounded in the contention the LeRuths were not "interested parties" within the meaning of LSA-C.C.P. Article 4069. The trial court found they were interested parties and, accordingly, by judgment dated September 18, 1989, denied the motion to dismiss.
Thereafter, following a conference in chambers between the district court judge, the mother and the grandparents, and their respective counsel, for the reasons expressed in conference,[1] the trial judge issued an order on January 5, 1990 confirming and appointing the mother as tutrix of the person and property of her minor children. The same order appointed the grandfather as "undertutor of the minor children's property." Both parties devolutively appealed the other's appointment and designated the record on appeal pursuant to the provisions of LSA-C.C.P. Article 2128.
The mother, as the surviving parent is the natural tutrix of her minor children; hence, absent a disqualification,[2] is entitled to be confirmed and qualified as such as a matter of right. Civil Code Article 250.[3] However, before entering upon the performance of her official duties, she must first comply with the prerequisites set by LSA-C.C.P. Article 4061.[4]
Disqualification is a matter of factual proof, whose burden rests with the party seeking the disqualification. Succession of Wetmore, 422 So.2d 726 (4th Cir. 1982), writ denied, 429 So.2d 133. Additionally, although counsel for the grandfather claims the mother's appointment was premature because she had not complied with the requisites of law, i.e., no security of inventory filed, on the designated record before us, we find no evidence to suggest the appointment of the mother as tutrix was not proper or that she should be disqualified. Accordingly, we affirm her confirmation and appointment.
LSA-C.C. Article 273 provides "In every tutorship there shall be an undertutor..." and LSA-C.C.P. Article 4201 provides that "at the time judgment is rendered appointing a tutor, the court shall also appoint a responsible person as undertutor..."
On appeal counsel for the mother contends the trial court was premature in appointing the grandfather as undertutor of the minors' property because the minors did not as yet own property. We disagree and find that not only was the appointment timely under the circumstances, it was necessary and proper.
Chelsey and Danica LeRuth are the only forced heirs of their father, Lee LeRuth. As such, their ownership rights were vested from the moment of death of their father. Civil Code Articles 940,[5] *558 941,[6] 945,[7] and Baten v. Taylor, 386 So.2d 333 (La.1979). Until such time as a judgment of possession is rendered, their property consists of an undivided interest in a succession and they have the rights of forced heirs to inquire into and/or oppose acts or failure to act of the succession representative. Further, since they are minors, they can only act through their representative, i.e., their tutrix and undertutor in the manner directed by law.
As we note from the record here and those previously before us, under our docket Nos. 89-C-522, 89-CM-658, and 89-CA-822, the debates between the attorneys have been heated, and unproven allegations of acts against or in conflict with the interest of the minors numerous. We can think of no better way to protect the minors' interest in the succession than to have the mother as the tutrix and the grandfather as the undertutor. LSA-C.C.P. Article 4202 provides that the general duties of the undertutor is to express his concurrence or non-concurrence in actions suggested by the tutor and to act in behalf of the minor whenever the minor's interest is in conflict with or opposed to that of the tutor. Accordingly, we affirm the appointment of the grandfather as undertutor of the minors in matters involving the minors' property.
Finally, counsel for the grandfather alleges the mother's appeal is frivolous and requests this Court to levy sanctions and attorney's fees against her. This contention the appeal is frivolous is grounded in the acts or actions of the tutrix which follow:
"First, Tutrix has prematurely brought this appeal and has no right to appeal. Second, Tutrix falsely states that the children have no property, and yet, in other proceedings she has recognized that they do in fact own property. Third, Tutrix attempts to supplement the appellate record, although her request for supplementation has been denied. Fourth, Undertutor (sic) attempts to incorporate as facts events which occur subsequent to the Judgment of January 5, 1990, and attempts to argue the merits of those events to support her appeal."
Standing alone, these contentions do not show the appeal was frivolous, hence, we cannot say either appeal was frivolous. We do note from the stipulated record before us, however, that in pleadings and briefs, counsel for both sides have devoted substantial time and effort to arguing, urging, or discussing unproven allegations which are extraneous to the issues presented for review. Hence, we refuse to apply sanctions on either party.
For the reasons stated therefore we affirm the ruling of the trial court. Further, since the appointment of the grandfather was limited to matters concerning the property of the minors and Civil Code Article 273 mandates the appointment of an undertutor in all matters, including those involving the person, we remand the case to the trial court with instructions to appoint the grandfather as undertutor of the minors in matters of person and property.
AFFIRMED AND REMANDED.
NOTES
[1] These reasons have not been made a part of the designated record before us.
[2] Article 4231 of the Code of Civil Procedure provides the grounds for disqualification.
[3] Article 250 of the Civil Code provides in part:

"Upon the death of either parent, the tutorship of minor children belongs of right to the other."
[4] Article 4061 of the Code of Civil Procedure provides as follows:

"Before a natural tutor enters upon the performance of his official duties, he must take an oath to discharge faithfully the duties of his office, cause an inventory to be taken or a detailed descriptive list to be prepared, and cause a legal mortgage in favor of the minor to be inscribed, or furnish security, in the manner provided by law."
[5] LSA-C.C. Article 940 provides:

"A succession is acquired by the legal heir, who is called by law to the inheritance, immediately after the death of the deceased person to whom he succeeds.
This rule applies also to testamentary heirs, to instituted heirs and universal legatees, but not to particular legatees."
[6] LSA-C.C. Article 941 provides:

"The right mentioned in the preceding article is acquired by the heir by the operation of the law alone, before he has taken any step to put himself in possession, or has expressed any will to accept it.
Thus, children, idiots, those who are ignorant of the death of the deceased, are not the less considered as being seized of the succession, though they be merely seized of right and not in fact."
[7] LSA-C.C. Article 945 provides:

"The second effect of this right is to authorize the heir to institute all the actions, even possessory ones, which the deceased had a right to institute, and to prosecute those already commenced. For the heir, in every thing, represents the deceased, and is of full right in his place as well for his rights as his obligations."