laGUIDRY, Judge.
This appeal involves the ex parte appointment of a father as the natural tutor of his minor children. The father, appellee, Shannon Keith Watts (“Mr. Watts”), filed a petition to be confirmed as the natural tutor of his minor children, Joel Landon Watts (“Joel”) and Charity Hope Watts (“Charity”).[2] The trial court signed an order appointing Mr. Watts as the natural tutor of the minor children and letters of tutorship were subsequently issued by the clerk. It is from this order that appellant, Marvin Var-nado (“Mr. Vamado”), an uncle of the children, has appealed. In his appeal, Mr. Var-nado argues that he was entitled to notice of Mr. Watts’s petition to be confirmed as natural tutor and that a contradictory hearing on the petition should have been held prior to the signing of the order.
FACTUAL AND PROCEDURAL BACKGROUND
According to the Petition for Confirmation of Natural Tutor, Mr. Watts was formerly married to Karen Varnado Watts Little. From this marriage, Joel and Charity were born. Mr. Watts and Ms. Little were divorced and were awarded joint custody of the two children. Additionally, Mr. Watts and Ms. Little were named as natural co-tutors of the children.[3] On September 16, 1995, Ms. Little died.
After Ms. Little’s death, Mr. Watts sought to be confirmed as the natural tutor of his minor children. On November 10, 1995, the trial court signed an ex parte order confirming and appointing Mr. Watts as the natural tutor of the minor children. On December 5, 1995, Mr. Varnado filed a Petition and Order for Appeal from the order, pursuant to La. C.C.P. art. 4068.
_JjjIn his brief, Mr. Varnado presents two issues for review by this court.[4] The first issue is whether an ex parte order confirming and appointing a tutor is an “appealable judgment.” Assuming it is an appealable judgment, the second issue is whether the court of appeal can remand the matter to the trial court with instructions to hold a contradictory hearing as to the confirmation or appointment which has been appealed.
ISSUE NUMBER ONE
Louisiana Code of Civil Procedure article 4068 provides as follows:
An appeal from a judgment confirming, appointing, or removing a tutor or an un- *76 dertutor can only be taken within thirty days from the applicable date provided in Article 2087(1) — (3).
Such judgment shall not be suspended during the pendency of an appeal. The acts of a tutor or of an undertutor shall not be invalidated by the annulment of his appointment on appeal.
This article contemplates a devolutive appeal from a judgment confirming, appointing, or removing a natural tutor. See In re Tutorship of the Favrot Minors, 290 So.2d 747, 748 (La.App. 1st Cir.1974). Consequently, the order confirming Mr. Watts as natural tutor is an appealable order.
ISSUE NUMBER TWO
In the present ease, appellant argues that he was entitled to notice of Mr. Watts’s Petition for Confirmation as Natural Tutor. Because he was not made aware of the petition until after the order had been signed confirming Mr. Watts as natural tutor, Mr. Varnado argues that the matter should be remanded to the trial court, ordering the trial court to conduct a contradictory hearing on the appointment of Mr. Watts as the natural tutor of his minor child, Charity.[5]
UThere are four sorts of tutorships: tutorship by nature; tutorship by will; tutorship by the effect of the law (legal tutorship); and tutorship by the appointment of the judge (dative tutorship). La.C.C. art. 247. Louisiana Civil Code article 248 provides in pertinent part: “[t]utorship by nature takes place of right, but the natural tutor must qualify for the office as provided by law.” Tutorship by nature is described in La.C.C. art. 250 as follows:
Upon the death of either parent, the tutorship of minor children belongs of right to the other. Upon divorce or judicial separation from bed and board of parents, the tutorship of each minor child belongs of right to the parent under whose care he or she has been placed or to whose care he or she has been entrusted; however, if the parents are awarded joint custody of a minor child, then the cotutorship of the minor child shall belong to both parents, with equal authority, privileges, and responsibilities, unless modified by order of the court or by an agreement of the parents, approved by the court awarding joint custody. In the event of the death of a parent to whom joint custody had been awarded, the tutorship of the minor children of the deceased belongs of right to the surviving parent (emphasis added).
While the surviving parent to whom joint custody of the minor children had been awarded is of right the natural tutor of the minor children, that right is inchoate. See Griffith v. Roy, 263 La. 712, 269 So.2d 217, 225 (1972), writ refused, 281 So.2d 744 (La.1973). Natural tutorship has existence, as do all other tutorships, only after appointment of the tutor by a judicial tribunal, as. provided in the Code of Civil Procedure. Griffith, 269 So.2d at 225. Thus, Mr. Watts, as surviving parent, is the natural tutor of his minor children and is entitled to be confirmed and qualified as such as a matter of right under La.C.C. art. 250. See Succession of LeRuth, 569 So.2d 555, 557 (La.App. 5th Cir.1990). However, before entering upon the performance of his official duties, he must first comply with the prerequisites set out in La. C.C.P. art. 4061. Succession of LeRuth, 569 So.2d at 557.
Under La.C.C.P. art. 4061, before a tutor enters upon the performance of his official duties, he must take an oath to faithfully discharge the duties of his office, cause an inventory to be taken or a detailed descriptive list to be prepared, and cause a legal mortgage in favor of the minor to be inscribed, or furnish security, in the manner provided by law. Louisiana Code of Civil Procedure article 4134 provides the method by which the legal mortgage shall be inscribed. This article provides in pertinent part:
[A] natural tutor ... shall record in the mortgage records of the parish of his domicile a certificate of the clerk setting forth the total value of the Isminor’s property according to the inventory or detailed descriptive list filed in the tutorship proceeding. A certificate of the recorder of mort *77 gages setting forth the recordation of the clerk’s certificate shall be filed in the tutorship proceedings before the tutor is appointed or letters of tutorship are issued.
Consequently, for Mr. Watts to be properly confirmed as natural tutor of his minor children, he had to petition the court for the confirmation; have a detailed descriptive list prepared; file the proper clerk’s and recorder of mortgages’ certificates in the record of the tutorship proceeding and the mortgage records of Livingston parish, where he was domiciled; and take an oath that included a listing of the parishes in which he owns immovable property.
A review of the record before us shows that Mr. Watts fulfilled all of the requirements that entitled him to be confirmed as the natural tutor of his minor children.[6] While Mr. Varnado contends that he was entitled to notice of the filing of the application and that a contradictory hearing should have been held before Mr. Watts was appointed natural tutor, there is no statutory or jurisprudential requirement that notice be given of a parent’s application to be appointed natural tutor of his minor children.[7] Applications for natural tutorship are usually acted upon “as of course” on the supposition that there are no conflicting rights. Succession of Haley, 22 So. 251, 253 (La.1897). Accordingly, the ex parte order confirming Mr. Watts as the natural tutor of his minor children was properly rendered.
!gFor the reasons set forth in this opinion, the ex parte order of the trial court confirming Shannon Keith Watts as the natural tutor of his daughter, Charity Hope Watts, is affirmed. The costs of this appeal are assessed to appellant.
AFFIRMED.

. Since the confirmation of Mr. Watts as natural tutor of the minor children, Joel Landon Watts has attained the age of majority. Thus, this appeal affects only the confirmation of Mr. Watts as natural tutor of the remaining minor child, Charity Hope Watts, as the propriety of the confirmation of Mr. Watts as the natural tutor of Joel Watts is moot.

. The trial court, in confirming Mr. Watts as natural tutor of his minor children, apparently accepted as true the allegations contained in Mr. Watts's petition for confirmation, including the allegations that he had previously been awarded joint custody and co-tutor status of the minor children through judgments rendered in a different proceeding in the Twenty-first Judicial District Court. While these judgments were not a part of the appellate record, Mr. Vamado does not contest the truth or validity of these alléga-tions. Accordingly, for the purposes of this appeal, we will assume that Mr. Watts had previously been awarded joint custody and appointed a co-tutor of his minor children.

.In his brief, Mr. Vamado asserts that he need not designate assignments of error because the judgment appealed from was obtained ex parte. However, appellant has not provided and we are not aware of any statutoiy or jurisprudential authority to support this assertion. Moreover, rule 1-3 of the Louisiana Uniform Rules — Courts of Appeal provides that "[t]he Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.” In the present case, because appellant has not submitted issues contained in specifications or assignments of error, we need not consider his arguments. However, in the present case, we feel that consideration of the arguments urged by Mr. Vamado in his brief is warranted in the interest of justice.

. See footnote 2.

. We note that the order appointing Mr. Watts natural tutor was signed before the requisite clerk’s and mortgage recorder’s certificates were filed, seemingly in contravention of La.C.C.P. art. 4134. However, under established Louisiana jurisprudence, the appointment of a natural tutor is not null and void for the failure to have the clerk's and mortgage recorder’s certificates filed prior to the signing of the order or judgment confirming the parent as natural tutor. McCoy's Heirs v. Derbonne, 109 La. 310, 33 So. 326, 328 (1902); Stackhouse v. Zuntz, 36 La.Ann. 529, 533 (Orleans, App.1884); see Succession of LeRuth, 569 So.2d at 557. Moreover, appellant has not raised this issue in his appeal. Accordingly, we find that Mr. Watts met all of the procedural requirements entitling him to be confirmed as natural tutor of his minor children.

. Mr. Varnado contends that the ex parte nature of the order confirming Mr. Watts as natural tutor warrants a remand of this case to the trial court with instructions to hold a contradictory hearing. He cites Succession of Schneider, 371 So.2d 1380 (La.App. 1st Cir.1979), as support for this contention. However, we do not find the Schneider case to be applicable to the present case because Schneider involved the ex parte appointment of a permanent succession administrator under circumstances where the Louisiana Code of Civil Procedure specifically required adherence to notice provisions which were not followed. Succession of Schneider, 371 So.2d at 1384-85.
Additionally, the Louisiana Code of Civil Procedure provides specific notice requirements with respect to applications to be appointed the legal or dative tutor of a minor. See La.C.C.P. arts. 4065-4067. However, there are no such notice requirements for applications to be appointed and confirmed as the natural tutor of a minor.