IgDECUIR, Judge.
In this tutorship proceeding, Edward Johnston was appointed tutor and awarded custody of his grandson, Nicholas Johnston. The child’s uncle, Kevin Johnston, filed a petition to annul the judgment and sought to have himself appointed tutor of Nicholas.[1] The trial judge denied the requested relief and Kevin Johnston appeals. We affirm the judgment rendered below.
Lydia Laurel Johnston, Nicholas’ mother, died in an automobile accident on July 23, 1998. Nicholas was five years old. His father has never been identified. Immediately after his mother’s death, Nicholas went to live with his grandfather, and step-grandmother who had cared for him occasionally in the past. Five days later, on July 27, the grandfather, Edward, filed a petition for custody and tutorship. The requested relief was granted ex parte on the same day. Consequently, Edward reports that he was able to enroll Nicholas in school, obtain medical care and Social Security benefits for him, and proceed to settle an insurance claim resulting from his mother’s death.
Three months later, Kevin filed a petition to annul the tutorship and .custody judgment. Kevin is the maternal uncle of Nicholas and the son of Edward. He alleged in his petition that the tutorship action was replete with procedural and *740 substantive irregularities, requiring annulment of the judgment itself.[2] The petition lato annul was denied. The trial judge found the allegations of the petition to be unsubstantiated, and he noted that the petition itself was not verified. In this appeal, Kevin has abandoned most of the allegations asserted in the petition. He argues before this court that the tutorship proceedings were legally deficient because the procedural requirements set forth in La.Code Civ. P. art. 4065 were not met. He also contends that the custody ruling cannot stand because the provisions of La. Code Civ.P. art. 3945 were likewise not followed.
We note at the outset that Edward is the “natural tutor” of his grandson. La.Civ.Code art. 256 provides for the tutorship of illegitimate children such as Nicholas. The statute authorizes the court to give primary consideration for tutorship appointment to an illegitimate child’s maternal grandparents, aunts, and uncles, if the child has not been acknowledged by his father prior to the mother’s death. Such an appointment is characterized in the Civil Code as “tutorship by nature.” Tutorship by nature is explained in La, Civ. Code art. 248 as a matter of right, “but the natural tutor must qualify for the office as provided by law.” While there are specific notice requirements for the appointment of a legal or dative tutor, see La.Code Civ.P. arts. 4065-4067, the appointment and confirmation of a natural tutor does not require notice and a contradictory hearing with other eligible persons. Tutorship of Watts, 96-0073 (La.App. 1 Cir., 9/27/96); 681 So.2d 74.
Article 4061 of the Code of Civil Procedure provides for the general obligations of a natural tutor:
Before a natural tutor enters upon the performance of his official duties, he must take an oath to discharge faithfully the duties of is office, cause an inventory to be taken or a detailed descriptive list to be prepared, and cause a legal mortgage in favor of the minor to be inscribed, or furnish security, in the manner provided by law.
14The duties of a tutor are set forth in Article 4261:
The tutor shall have custody of and shall care for the person of the minor. He shall see that the minor is properly reared and educated in accordance with his station in life.
The trial judge in this case designated this proceeding as a small tutorship. A small tutorship is defined in Article 4461 as one in which the minor’s property is valued at $20,000 or less. Small tutorships involve simplified procedural rules and lower court costs than other tutorships. See Article 4464. Article 4462 provides that a detailed descriptive list of the minor’s property “recorded in the mortgage records preserves the legal mortgage of the minor.”
The essential requirements of the law were met in the instant case. Edward took the appropriate oath and prepared a descriptive list of Nicholas’s assets, although the record does not reflect that the descriptive list was filed in the mortgage records in accordance with Articles 4061 and 4462. When Edward was named tutor of Nicholas, he was also granted custody, as provided by Article 4261. There is no evidence that he has failed in his responsi *741 bility to properly care for and educate the child.
The appointment of Edward as tutor without the necessary filing of the descriptive list of the minor’s property was improper. However, as discussed in Tutorship of Watts, 96-0073 (La.App. 1 Cir., 9/27/96); 681 So.2d 74, n. 6, this procedural error does not invalidate the tutorship appointment:
However, under established Louisiana jurisprudence, the appointment of a natural tutor is not null and void for the failure to have the clerk’s and mortgage recorder’s certificates filed prior to the signing of the order or judgment confirming the parent as natural tutor. McCoy’s Heirs v. Derbonne, 109 La. 310, 33 So. 326, 328 (1902); Stackhouse v. Zuntz, 36 La.Ann. 529, 533 (Orleans, App.1884); see Succession of LeRuth, 569 So.2d at 557.
|sWe have determined, however, that the appropriate filings can and should be made at this time.
DECREE
In keeping with the procedural requirements of a tutorship action, we remand this matter for the limited purpose of compliance with Article 4061, and order that an abstract of the detailed descriptive list of Nicholas’s property be properly filed. In all other respects, we affirm the judgment rendered by the trial court as we find no merit to Kevin’s contention that the rules pertaining to temporary custody in divorce and other proceedings set forth in La.Code Civ.P. art. 3945 govern this case. Costs of this appeal are assessed to Kevin Johnston.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.

. Kevin did not request custody of Nicholas.

. Specifically, Kevin alleged that the trial court improperly rendered a custody and tutorship judgment against him, a defendant not served with process; the trial court in Allen Parish did not have jurisdiction over Nicholas, a resident of Rapides Parish at the time of his mother's death; other family members had interests competing with those asserted by Edward; parallel tutorship proceedings were pending in Rapides Parish; in the three months since Edward has been appointed tutor, he has not protected the child’s interests; and finally, the tutorship proceeding was procedurally flawed in that it should not have been joined with a determination of custody, did not require Edward to post security, and named Edward a “natural tutor,” which as a grandfather he could not be.