985 So.2d 758 (2008)
Leroy James DENNIS
v.
Theresa D. RODRIGUEZ, Loretta D. Granger; The Hon. Thomas L. Sullivan, Ex-Officio Recorder of Mortgages for the Parish of Livingston, and XYZ Insurance Company.
No. 2007-CA-1582.
Court of Appeal of Louisiana, First Circuit.
March 26, 2008.
*759 Jerry F. Pepper, Baton Rouge, Louisiana, for Plaintiff/Appellant, Leroy James Dennis.
Thomas H. Huval, Julian J. Rodrigue, Jr., Stephen C. Aertker, Jr., Covington, Louisiana, for Defendants/Appellees, Thomas L. Sullivan, Jr., Clerk of Court and Ex-Officio Recorder.
John F. Shreves, New Orleans, Louisiana, for Defendant, CNA Surety.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
McCLENDON, J.
In this suit for damages arising from the conversion of a minor's funds by a provisional tutrix, the trial court granted a motion for summary judgment and dismissed the claims against one of the defendants, the Honorable Thomas L. Sullivan, Jr., in his official capacity as the Ex-officio recorder of mortgages for Livingston Parish (clerk of court).[1] The plaintiff, Leroy James Dennis, appealed. After a thorough review of the record, we affirm.
Mr. Dennis filed his suit upon reaching the age of majority. In his petition for damages, he also named as defendants: Theresa Dennis Rodriguez, the provisional tutrix appointed by the court in Mr. Dennis's tutorship proceeding; Loretta Diane Granger, the undertutrix; and the insurance company insuring the clerk of court. According to the petition, the minor's only asset on January 6, 1998, when Ms. Rodriguez was appointed the provisional tutrix, was a contested claim for damages arising from allegations of medical malpractice in the death of Mr. Dennis's mother. Mr. Dennis also alleged that after settlement of the malpractice claim, Ms. Rodriguez, who had control over the settlement money as provisional tutrix, misappropriated thousands of dollars for her own use. As to the claim against the clerk of court, Mr. Dennis asserted that Ms. Rodriguez was actually a natural tutor, as evidenced by the 1998 filing of a sworn detailed descriptive list in the parish records.[2] If the filing had been properly filed by the clerk of court in the names of both Mr. Dennis and Ms. Rodriguez, it would have operated as a legal mortgage that natural tutors may choose, instead of posting a bond or other such security. See LSA-C.C.P. art. 4134 A & C (where current law is different, citation is to the version applicable at the time of the tutorship proceeding). Such a legal mortgage would have primed a subsequently filed conventional mortgage on immovable property acquired by Ms. Rodriguez, and offered an avenue for recovery of some of the Mr. Dennis's converted assets.
After filing an answer and various exceptions, the clerk of court filed a motion for summary judgment. In support of its motion, the clerk of court noted that Ms. Rodriguez cited LSA-C.C.P. art. 4070 in the tutorship petition, an article specifically *760 addressing provisional tutors, and petitioned the trial court to be appointed the provisional tutrix, not the natural tutor. The clerk of court also highlighted several references to Ms. Rodriguez as a provisional tutrix, not a tutor by nature, in pleadings filed by Mr. Dennis in the tutorship matter. According to one of those pleadings, the furnishing of security by the provisional tutrix was postponed by the trial court until the claim arising from Mr. Dennis's mother's death "was recovered." See LSA-C.C.P. art. 4131 D. In the same pleading, Mr. Dennis further stated that, when damages were recovered, "[n]o order regarding the furnishing of security by the provisional tutrix was entered at that time...." See LSA-C.C.P. arts. 4071 & 4132.
Essentially, the clerk of court argued that the trial court only appointed a provisional tutrix and that Ms. Rodriguez could not qualify as a tutor by nature, which was reserved for parents by LSA-C.C. art. 250. In the absence of a valid natural tutor, the filing of a detailed descriptive list by the provisional tutrix and the accompanying clerk's certificate would not create a legal mortgage, regardless of how the filing was indexed in the mortgage records. Thus, any failure by the clerk of court to index in the name of Ms. Rodriguez did not cause the harm alleged.
On appeal, Mr. Dennis assigns errors to the trial court's grant of the summary judgment and dismissal of the suit. His primary and threshold argument is that Ms. Rodriguez, who was his aunt and had been granted custody of Mr. Dennis despite a surviving father, qualified as a natural tutor by right under LSA-C.C. art. 250.

APPLICABLE LEGAL PRECEPTS

Tutorship
The parents of a child are tutors by nature and have the authority to appoint tutors by will. See LSA-C.C. arts. 250, 257 & 258; see also LSA-C.C.P. art. 4062. When a tutor has not been chosen by the parent dying last, "the judge shall appoint to the tutorship, from among the qualified ascendants in the direct line, collaterals by blood within the third degree and the surviving spouse of the minor's mother or father dying last, the person whose appointment is in the best interests of the minor." LSA-C.C. art. 263. Such appointments are designated in our Civil Code as tutorship by the effect of law, or legal tutorship. See LSA-C.C.P. art. 4063.
When the requirements of tutor by nature, tutor by will, and tutor by effect of law are not met, a "judge shall appoint a tutor to the minor." LSA-C.C. art. 270. In other words, a dative tutorship occurs when "a minor is an orphan" and no tutor by will or effect of law has been chosen. LSA-C.C. art. 270 & LSA-C.C.P. art. 4064. A provisional tutor is a temporary appointment made by the trial court on its own motion or that of "an interested person,... if such appointment is necessary for the welfare of the minor or for the preservation of his property." LSA-C.C.P. art. 4070.
While a natural tutor must qualify as the applicable law provides, tutorship by nature takes place by right. LSA-C.C. art. 248. However, that right is "inchoate." In re Tutorship of Watts, 96-0073, p. 4 (La.App. 1 Cir. 9/27/96), 681 So.2d 74, 76. Before performing any official duties, the natural tutor must be appointed by a judicial tribunal, and fulfill the other requirements of LSA-C.C.P. arts. 4061 and 4131. In re Tutorship of Watts, 96-0073 at pp. 4-5, 681 So.2d at 76-77. Similarly, in all other tutorships, "the tutor must be confirmed or appointed by the court, and must qualify for the office as provided by law." LSA-C.C.P. art. 248.
*761 A provisional tutor "shall furnish security as provided in Article 4132 for the faithful performance of his duties, in an amount determined by the court as adequate for the protection of the minor." LSA-C.C.P. art. 4071; see LSA-C.C.P. art. 4132 (security bond does not operate as a legal mortgage). Upon appointment, a provisional tutor must take an inventory or prepare "a detailed descriptive list of the minor's property...." LSA-C.C.P. art. 4072. A tutor, with the exception of a natural tutor, "shall furnish security for the faithful performance of his duties in an amount equal to the total value of the minor's movable property as shown by the inventory or detailed descriptive list, plus such additional sum as the court may consider sufficient...." LSA-C.C.P. art. 4131 A. "When the only asset of the minor is a contested claim for damages, the court may postpone the furnishing of security until the claim is recovered, at which time the tutor shall provide security as required by this Article." LSA-C.C.P. art. 4131 D. A provisional tutor continues in office until he is terminated by the court or a final tutor has been qualified. Id.
As with a provisional tutor, a natural tutor must also prepare an inventory or detailed descriptive list. LSA-C.C.P. arts. 4061 & 4072. In addition, a natural tutor may elect to post security similar to that provided in LSA-C.C.P. arts. 4131-4133, or "shall record in the mortgage records of the parish of his domicile a certificate of the clerk setting forth the total value of the minor's property according to the inventory or detailed descriptive list filed in the tutorship proceeding." LSA-C.C.P. art. 4134 A; see also LSA-C.C.P. art. 4061. "The recordation operates as a legal mortgage in favor of the minor on all the immovable property of the tutor situated within any parish where recorded." LSA-C.C.P. art. 4134 C.

Summary Judgment
The summary judgment procedure is favored under our law. LSA-C.C.P. art. 966(A)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. A court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." LSA-C.C.P. art. 966(B); Blackledge v. Font, XXXX-XXXX, p. 6, 960 So.2d 99, 102 (La.App. 1 Cir. 3/23/07). Paragraph C(2) of LSA-C.C.P. art. 966 provides that:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

ANALYSIS
From our de novo review of the record, we find no error in the grant of the summary judgment or dismissal of plaintiff's claim against the clerk of court. Ms. Rodriguez asked to be appointed a provisional tutor under LSA-C.C.P. art. 4070, did not use the terms "substitute natural tutor" or *762 "natural tutor" in seeking to be appointed, and was appointed a provisional tutor by the trial court, as opposed to a natural tutor. More importantly, while all tutors are generally given the custody and care of the minor, the applicable tutor by nature article, LSA-C.C. art. 250, applies only to the specific category of "parents."[3] The article does not make exceptions for, or include in its provisions, aunts or non-parental custodians. See LSA-C.C.P. art. 4261. Thus, Ms. Rodriguez, who admittedly is not the minor's parent, could not qualify as a tutor by nature under the plain wording of LSA-C.C. art. 250.
While both a natural tutor and a provisional tutor must prepare an inventory or detailed descriptive list, only the natural tutor, presumably because of the special parent-child relationship, may elect to post security by filing the requisite certificate of the clerk setting forth the value of the minor's property as shown in the inventory or list, which, upon recordation of the certificate, operates as a legal mortgage. See LSA-C.C.P. arts. 4061, 4072 & 4131. Thus, even if the certificate of the clerk reflecting the value provided in the sworn detailed descriptive list was indexed in the name of Ms. Rodriguez, it could not have operated as the legal mortgage reserved by law only for use by natural tutors, and would have had no effect on any other mortgage on Ms. Rodriguez's immovable property. See LSA-C.C.P. art. 4134. Under the facts here, Ms. Rodriguez had the duty to provide the necessary security after the claim was recovered. See LSA-C.C.P. art. 4131 D. Unfortunately, she not only failed to post security, she chose to misappropriate the funds of a minor placed in her care. The act causing the harm was hers, not that of the clerk of court.
For these reasons, we affirm the judgment of the trial court. The costs of the appeal are assessed to plaintiff, Leroy James Dennis.
AFFIRMED.
NOTES
[1] The dismissal of a party was a final judgment under LSA-C.C.P. art. 1915 A and did not require certification pursuant to 1915 B.
[2] It appears from the record on appeal that the detailed descriptive list was filed in the tutorship proceeding, and a certificate by the clerk, reflecting the value of the minor's assets shown in the list, was filed in the mortgage records.
[3] Mr. Dennis's reliance by analogy on LSA-C.C. art. 256 is misplaced. Although article 256 is contained in the codal section addressing tutorship by nature, it applies to illegitimate children and provides for the differences in acknowledgement of the child that do not arise when the parents are married. Similarly, the case cited by Mr. Dennis, In re Johnston, 99-980 (La.App. 3 Cir. 2/200), 757 So.2d 738, is not dispositive of the factually distinguishable case on appeal. In Johnston, 99-980 at pp. 2-3, 757 So.2d at 739-40, the maternal grandfather of an illegitimate child, whose mother had died and whose father had not acknowledged the child, was found to be a tutor by nature pursuant to article 256. No claim was made that Mr. Dennis is illegitimate.

Having found that Ms. Rodriguez was not a natural tutor, we pretermit the other assignments of error. For clarity however, we note that the clerk of court's defensive claim that Ms. Rodriguez was not a natural tutor was not a collateral attack on the tutorship proceeding.