| JAMES L. CANNELLA, Judge.
Appellant, Darryl Alfortish (Alfortish), appeals from the trial court judgment which appoints Sabrina Alombro (Alomb-ro) as tutor of their minor child, Alexandra Alfortish (Alexandra). For the reasons which follow, we affirm.
On February 9, 2001, Alombro filed a petition for confirmation as the natural tutrix of Alexandra. In the petition she alleged that she and Alfortish were the unmarried biological parents of Alexandra, who was born on October 20, 1989. The petition further alleged that by consent judgment dated May 24, 2000, she and Alfortish had been granted joint custody and she had been designated as the primary domiciliary parent. Alombro v. Alfortish, # 549-712, Twenty-Fourth Judicial District Court, Division “I”. Further, the petition requested that a tutrix be appointed to represent the minor in her claim against Alfortish for revocation of inter vivos donations based on the grounds of ingratitude. An order for an inventory of the minors’ property was requested.
The court signed the order for the inventory, which was taken and noted that the minor’s only possessions were a television set, a video recorder, a bedroom set, toys and clothing. The inventory along with the certificate of value by the clerk of court were filed in |sthe mortgage records. Judgment, rendered on February 21, 2001, confirmed Alombro as tutrix of Alexandra. It is from this judgment that Alfortish appeals.
On appeal, Alfortish argues that the judgment appointing Alombro tutrix of Alexandra should be reversed because of defects in the appointment and confirmation procedures. More particularly, in his first assigned error, Alfortish contends that “[t]he trial court erred in appointing the appellee natural tutrix of the minor child because pursuant to Louisiana Civil Code Article 256, only the court that awarded joint custody may alter the cotutorship status of a. parent who has joint custody of his acknowledged illegitimate child.” In argument in support of the assigned error, Alfortish contends that appointment of Al-ombro as tutrix is contrary to the provisions of La. C.C. art. 256, which provides for cotutorship of an acknowledged illegitimate child “unless modified by order of the court or by an agreement of the parents, approved by the court awarding joint custody.” Alfortish does not elaborate further about in what manner the appointment herein was contrary to the codal article and we see no error based on the record before us.[1]
La. C.C. art. 256 provides in pertinent part:
C. If both parents have acknowledged their illegitimate child, the judge shall appoint as tutor the one by whose care the best interests of the child will be served. However, if the parents are awarded joint custody of such acknowledged illegitimate child, then the cotu-torship of such child shall belong of right to both parents, with equal authority, *244 privileges, and responsibilities, unless modified by order of the court or by an agreement of the parents, approved by the court awarding joint custody.
The consent judgment granting joint custody and the confirmation of Alombro as natural tutrix of her minor child were both entered in the Twenty Fourth Judicial District Court. Article 256 expressly contemplates modification of the natural right of cotutorship by |4the court or by agreement of the parents. Thus, we find no merit in Alfortish’s argument that the trial court ordered modification entered in this case is contrary to La. C.C. art. 256.
Alfortish next argues that under La. C.C.P. art. 4031, parents awarded joint custody of a minor must petition jointly to be appointed tutor or tutrix of the child. La. C.C.P. art. 4031 provides in pertinent part:
B. If the parents who are divorced or judicially separated are awarded joint custody of a minor:
(1) They shall petition jointly for appointment as cotutors in the district court of the parish in which the proceedings for divorce or judicial separation were instituted, or if the award of joint custody has specified the legal domicile of the minor, in the district court of the parish of the legal domicile of the minor, or in the district court of the parish where the child resides.
*(2) With the permission of the judge, either parent may file a petition in the same court as provided in Subparagraph (1) for appointment as tutor for the limited purpose of enforcing a particular right or compromising a particular claim of an unemancipated minor if the other parent fails or refuses to do so.
Alfortish argues that, based on this provision, because Alombro’s petition to be appointed natural tutrix of her daughter was not filed jointly by the parents, it is invalid. We disagree.
First, La. C.C.P. art. 4031, a venue article, designates the proper place for filing tutorship petitions. This matter was filed in the proper venue. Further, the portion of the article relied on by Alfortish is expressly applicable to “Parents who are divorced or judicially separated.” The parents herein were never married. So, the article is not applicable to these parents. But, even if by analogy subpart (1) of part B of article 4031 was held to be applicable to this case as argued by Alfortish, then subpart (2) of part B would be applicable also, and it permits the filing here by one parent, as asserted in the petition, for the purpose of enforcing a particular right of an unemancipated minor, if the other parent fails or refuses | ¡¡to do so. Since the right to be asserted is a claim against Alfortish himself, the terms of the article have, by implication, been met.
Next, Alfortish argues that the confirmation of Alombro as tutrix should be reversed because the inventory is invalid. More particularly, Alfortish argues that the notary making the inventory must come from the parish where the property is located and that the attorney/notary, Brenda Braud, who was appointed to make the inventory was not a notary of Jefferson Parish.
Nothing in the record supports Alfortish’s argument on this point. The inventory document expressly states that Brenda Braud is a “Notary Public duly commissioned and qualified in and for the Parish of Jefferson, State of Louisiana.” There is nothing in this record to indicate otherwise. Moreover, we note that La. R.S. 35:191P expressly provides that every licensed attorney who is a notary public may exercise the functions of a notary public in every parish in this state.
*245 Last, Alfortish argues that the inventory is defective because appraisers were not appointed. This argument ignores the fact that the code of civil procedure provides exceptions for “small tutor-ships,” like the one herein, defined as those in which the gross value of the property is twenty thousand dollars or less, allowing the filing of a descriptive list rather than an inventory. La. C.C.P. arts. 4461 and 4462. Moreover, as noted in In re Johnston, 99-980 (La.App. 3rd Cir.2/2/00), 757 So.2d 738, the appointment of a natural tutor, as here, is not null and void because of minor defects in the inventory or descriptive list.
Accordingly, for the reasons set forth above, we affirm the judgment of the trial court which confirms the appointment of Alombro as the tutrix of Alexandra. Costs of appeal are assessed against Alfortish.
AFFIRMED.

. Courts of Appeal have no authority to consider facts referred to in appellate briefs, or in exhibits attached thereto, if those facts are not in the record on appeal. Guarantee Systems Const. & Restoration, Inc. v. Anthony, 97-1877 (La.App. 1st Cir.9/25/98), 728 So.2d 398.