BARRY, Judge.
We grant this writ application in order to insure the appointment of a separate tutor for the minor, Matthew Werling, as ordered in 1984.
In In re Tutorship of the Property of Matthew Ward Werling, 459 So.2d 758 (La. App. 4th Cir.1984) [Werling I], this Court held Frank Sloan, a personal friend, professional associate, and personal attorney of Matthew’s father Carl Werling (who was shot and killed by his estranged wife), to be an “interested person” with a right of action to petition the Court to appoint a separate tutor of Matthew’s property. On November 14, 1984 this Court remanded the case and ordered a hearing to determine whether a bank or a person should be appointed. We specified that Cherie Ward Werling, Matthew’s mother, was not qualified because of a possible conflict of interest due to her being named as first beneficiary on substantial insurance policies and Matthew as secondary beneficiary.
The district court did not order the hearing until January, 1987 which was evidently interrupted by the court’s decision to appoint an expert. The actual appointment of Harold Wheeler was not made until April 8, 1987. Mr. Wheeler died and A.D. Freeman was appointed on June 30, 1987. On September 23,1987 Frank Sloan applied for writs (No. C-8691) claiming that the appointment of the expert was improper and a separate tutor should be appointed. We ordered a response by October 16, 1987; however, while the writ was pending the trial judge set a hearing date for October 12, 1987. Mr. Sloan’s motion to stay the trial was denied and he filed an emergency writ (No. C-8814) wherein we stayed all proceedings.
Respondent, Cherie Ward, asked for an extension of time to respond and was granted until November 9, 1987. On October 19, 1987 the trial judge filed a reply to writ application No. C-8691 which stated that “another hour of testimony” would conclude the entire proceeding. On November 5, 1987 this Court temporarily set aside the October 9, 1987 stay order “for the sole purpose of permitting additional testimony as requested by the Trial Judge, which is to be completed, transcribed, and filed with this Court by November 30, 1987.” We also granted the parties until December 8, 1987 for further response.
The “hearing” was held November 30, 1987 without timely notice to all parties. Neither Frank Sloan, his counsel, nor Cherie Ward attended. The hearing was held with only Ms. Ward’s counsel, William Bologna, and the court’s expert, A.D. Free *1179 man, present. In his response subsequent to the hearing, Mr. Sloan stated he received a phone call from opposing counsel’s office the morning of the hearing informing him that the court was waiting for him.
His counsel, Donald Foret (whose wife was delivering a baby) and Lee Leonard, have submitted sworn affidavits to the effect that they did not object to a continuance of the September 23, 1987 date, but received no notice of the November 30, 1987 hearing until a call to their office that morning.
The “hearing” was held and the transcript was filed in this Court on December 7, 1987 (our Order specified November 30, 1987). On the record the trial judge noted that Mr. Foret’s wife was having a baby, but the court decided to go forth because of this Court’s instructions. Mr. Bologna informed the court that his office had called Mr. Foret’s office and Mr. Sloan. Mr. Bologna also told the Court that Matthew Werling had been adopted by Mr. and Mrs, Ward, Cherie Ward’s parents and Matthew’s maternal grandparents, in the Family Court of East Baton Rouge Parish. He said he had previously informed Mr. Freeman, the court’s expert. Mr. Bologna put into evidence the judgment of adoption and the judgment in the eoneursus proceeding (C.D.C. No. 84-2082) involving insurance proceeds. He argued the matter for appointment of a separate tutor was moot.
Mr. Freeman testified that he did not speak to Ms. Ward and Mr. Sloan declined to speak to him because of the pending writ application. Mr. Freeman said he found Ms. Ward was involved in litigation over financial matters. Despite this Court’s stay order, Mr. Freeman said he issued a subpoena duces tecum to Ms. Ward to obtain the adoption documentation, dated July 24, 1987, apparently a matter of common knowledge to the parties and part of the public record.
Mr. Bologna put in the record that the Succession of Carl Werling indicated a net estate of $15,000 with Matthew’s half $7,500. He stated $100,000 of the Guarantee Income Life Insurance money (of a purported $500,000 policy) was put into an irrevocable trust for Matthew and $25,000 from the Insurance Company of North America was set aside for Matthew.
Mr. Robert Ward, Matthew’s maternal grandfather, testified that he and his wife had been caring for Matthew since his father’s death and had adopted him. He handled the child’s social security benefits and received reports on the $100,000 trust. The $25,000 was given to him to use for Matthew. Mr. Ward declared that he did not need the life insurance money and was not interested in legally pursuing Matthew’s possible claims to it. His lack of interest on Matthew’s behalf causes us grave concern.
The trial judge then clearly exceeded the limited scope of this Court’s order by concluding that the matter was moot and dismissing the tutorship proceeding. That dismissal is reversed.
We do not find the matter moot. To the contrary, this situation (which has only worsened since Werling I) falls squarely under La.C.C.P. Art. 4069:
In exceptional cases and for good cause shown, the court may appoint a bank or another person as administrator or tutor of the property of the minor. This appointment may be made upon the court’s own motion or upon the motion of the tutor or other person entitled to the tutorship if no tutor has been previously appointed, or upon motion of any interested person after a contradictory hearing with the tutor, administrator or person entitled to the tutorship or the administration.
If a person is appointed as tutor or administrator of the minor’s property, that person shall furnish security as provided in Article 4131.
Article 4069 is designed to protect a minor under facts and circumstances as set out in Werling I and in this opinion. A separate tutor of a minor’s property should be appointed “[i]n exceptional cases and for good cause shown.”
Certainly, it would appear that the in-tendment of La.C.C.P. Art. 4069 must be viewed in terms of the protection of the *1180 minor’s property. The provision permits the appointment for good cause regardless of objection by the custodian of the minor’s person even if the custodian is a natural tutrix.
(footnote omitted). Werling I, 459 So.2d at 765. See also Duplantier and Sarpy, 1960 Amendment to the Civil Code Enacted in Connection with the New Code of Civil Procedure, 21 LA.L.REV. 383, 390 (1961).
Our concern is that the minor’s interests have not been protected. Apparently, substantial insurance payments have been made without an accounting. There is a clear conflict between Matthew and his mother (and any relative who would hesitate to sue Ms. Ward on Matthew's behalf) since there are substantial insurance proceeds at issue. Under C.C.P. Art. 4069, in order to protect the minor’s interests, we order that a separate tutor of Matthew’s property be appointed. Unfortunately, the trial court ignored our 1984 order in Wer-ling I to determine whether a separate tutor was necessary. The January, 1987 hearing was not concluded and the determination as to a separate tutor was never made.
While a writ complaining of the court’s actions in stopping the hearing and appointing an expert was pending, the trial judge scheduled a hearing (after almost three years) and this Court had to stay the proceedings. After we granted the trial judge’s request that additional testimony be allowed, the trial judge in violation of our order, dismissed the tutorship proceedings and assessed expert fees against the minor’s estate. Considering this factual and procedural background, we find it in the best interests of the minor to order that this matter be re-allotted to another division of the district court to hold an expeditious hearing to determine who should be named the separate tutor and to set bond under La.C.C.P. Art. 4131. The record is insufficient for us to make that determination.
We also set aside the expert fee of $2,656.25 to be paid by Matthew’s estate. We know of no basis for such a fee to be paid from the minor’s estate. We are not in a position to determine what, if any, expert fee should be set, but note that the primary information provided by the expert was that the maternal grandparents had adopted Matthew, a part of the public record.
Therefore, IT IS ORDERED that the Clerk of the Civil District Court for the Parish of Orleans immediately re-allot this matter to another division of the Civil District Court. This matter is remanded for an expeditious hearing to select a separate tutor of Matthew’s property and to set an expert fee, if appropriate. Further, that there be an accounting of all funds including insurance proceeds.
REVERSED; REMANDED.