REMY CHIASSON, Judge Pro Tem.
This is a devolutive appeal from a summary judgment confirming and appointing Darryl Stephen Sanches as natural tutor of his son, Darryl Stephen Sanches, Jr. Opposing the appointment was Roger A. Fleshman, maternal uncle to the child. Concluding that no material fact was in dispute, the trial court rendered judgment without discovery. This appeal followed.

FACTS

Mildred Fleshman Sanches and Darryl Stephen Sanches (Darryl Sanches) were legally divorced in 1988. During their marriage, they had one child, Darryl Stephen Sanches, Jr. (Stephen), who is eight years old. The court granted both parents joint custody of Stephen, with Mildred Sanches named as domiciliary parent.
Mrs. Sanches died on June 20, 1991. Stephen was designated the sole legatee of her property in her last will and testament which was admitted for probate. In that *801 will Mrs. Sanches appointed her brother, Roger A. Fleshman, executor and tutor over the property and person of Stephen.
On August 22, 1991, Darryl Sanches applied to the court seeking confirmation as natural tutor with the exclusive right to be tutor over the person and property of Stephen. He also asked the court to name his brother, Stephen’s paternal uncle, as under-tutor. Roger Fleshman opposed these appointments.
At a hearing on a motion for summary judgment, the trial court appointed Darryl Sanches as sole tutor and his brother as undertutor. From that decision, this appeal was filed seeking to have the appointments set aside and the matter remanded for a hearing on the qualifications of the applicants for the tutorship.

APPOINTMENT OF A SOLE TUTOR WITHOUT DETERMINING THE BEST INTERESTS OF THE CHILD

(Assignments of error numbers 1 and 2)
Roger Fleshman argues that the trial court improperly granted summary judgment appointing Darryl Sanches as sole tutor without considering what was in the best interests of Stephen, particularly when there was outstanding discovery directed to the issue of the Mr. Sanches’ qualifications.
Darryl Sanches maintains that his appointment as sole tutor was properly granted, that no affidavits and allegations disqualifying him for this appointment were submitted by Roger Fleshman, and no extraordinary circumstances exist under Article 4069 of the Louisiana Code of Civil Procedure to warrant an evidentiary hearing.
Tutorship by nature takes place of right, but the natural tutor must qualify for the office as provided by law. In every other kind of tutorship the tutor must be confirmed or appointed by the court, and must qualify for the office as provided by law. La.C.C. art. 248. Upon the death of either parent, the tutorship of minor children belongs of right to the other. Upon divorce or judicial separation from bed and board of parents, the tutorship of each minor child belongs of right to the parent under whose care he or she has been placed or to whose care he or she has been entrusted; however, if the parents are awarded joint custody of a minor child, then the cotutorship of the minor child shall belong to both parents with equal authority, privileges, and responsibilities, unless modified by order of the court or by an agreement of the parents, approved by the court awarding joint custody. In the event of the death of a parent to whom joint custody had been awarded, the tutorship of the minor children of the deceased belongs of right to the surviving parent. La.C.C. art. 250.
The right of appointing a tutor, whether a relation or a stranger, belongs exclusively to the father or mother dying last. La.C.C. art. 257. If the parents are divorced or judicially separated, only the one to whom the court has entrusted the care and custody of the children has the right to appoint a tutor for them as provided in the preceding article. However, if the parents have been awarded joint custody of the children, then the right to appoint a tutor for them belongs to the parent dying last.[1] La.C.C. art. 258.
*802 In exceptional cases and for good cause shown, the court may appoint a bank or another person as administrator or tutor of the property of the minor. This appointment may be made upon the court’s own motion or upon the motion of the tutor or other person entitled to the tutorship if no tutor has been previously appointed, or upon motion of any interested person after a contradictory hearing with the tutor, administrator or person entitled to the tutorship or administration. La.C.C.P. art. 4069.
No person may be appointed tutor who is: (1) Under eighteen years of age; (2) Interdicted, or who, on contradictory hearing is proved to be mentally incompetent; (3) A convicted felon, under the laws of the United States or of an state or territory thereof; (4) Indebted to the minor, unless he discharges the debt prior to the appointment; (5) An adverse party to a suit to which the minor is a party; or (6) A person who, on contradictory hearing, is proved to be incapable of performing the duties of the office, or to be otherwise unfit for appointment because of his physical or mental condition or bad moral character. The provisions of paragraphs (1), (4), and (5) do not apply to the parent of the minor. La.C.C.P. art. 4231.
In the instant ease the pleadings and affidavits of Roger Fleshman do not allege any grounds to suggest Darryl Sanches is not qualified to act as natural tutor of his son. Rather, Mr. Fleshman alleges that it is in Stephen’s best interest to appoint him as a co-tutor after a hearing on the qualifications of the applicants is held.
This Court agrees with the trial court that summary judgment was properly granted appointing Darryl Sanches sole tutor of his son. Darryl Sanches was given joint custody of Stephen when a judgment of divorce was granted between him and the child’s mother. As a matter of law in effect at the time of Mildred Sanches’ death,[2] Darryl Sanches is entitled to seek custody and sole tutorship of Stephen unless he is declared an unfit father or an exceptional circumstance, upon a showing of good cause, is established under La. C.C.P. art. 4069.[3] Roger Fleshman made no such allegations in his petitions or affidavit opposing summary judgment.
Accordingly, no material issues of fact or law exist. Under La.C.C.P. art. 966 and 967, an adverse party may not rest upon mere allegations or denials. The adverse party must respond, either by an affidavit made from personal knowledge or as otherwise provided in La.C.C.P. art. 967, by setting forth specific facts showing that there is a genuine issue for trial. See Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381, 383-385 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991).
For the reasons herein stated, these assignments of error are without merit.

FAILURE TO DETERMINE THE QUALIFICATIONS FOR UNDERTUTOR

(Assignment of error number 3)
Roger Fleshman charges that the trial court erred when it granted an ex parte motion naming the brother of Darryl Sanches as undertutor. He maintains that the appointment of the undertutor should have been made solely in the best interests of Stephen because both applicants were equal collaterals to the child.
*803 Darryl Sanches claims that as the natural tutor to his child, he is entitled to name his brother as undertutor; that La.C.C.P. art. 4201 only requires that the undertutor be a “responsible person;” and no allegations were made that his brother was not a responsible person.
This Court finds that La.C.C.P. art. 4201 is determinative of this question. Article 4201 states that at the time judgment is rendered appointing a tutor, the court shall also appoint a responsible person as under-tutor. Before entering upon the performance of his official duties, the undertutor must take an oath to discharge faithfully the duties of his office.
Article 4201 does not require a hearing of any type to determine the qualifications of the undertutor. In the first comment to this article, it is stated that the Civil Code does not prescribe any qualifications for the undertutor. Article 4201 provides for the appointment of a “responsible person” as undertutor whose office differs from that of the tutor in that it is always dative, compulsory to no one, and there are no preferences by reason of relationship. La. C.C.P. art. 4201, Comment (a).
This Court is also mindful that the under-tutor must express his concurrence or opposition in action suggested by the tutor to the court and must act for the minor whenever the minor’s interest is opposed to that of the tutor. La.C.C.P. art. 4202. The undertutor has the responsibility to apply to the court for an order compelling the tutor to file his annual account or at any other time when the circumstances indicate that an account should be filed. La.C.C.P. art. 4203.
The trial court did not abuse its discretion by granting the natural tutor’s wishes naming his brother as undertutor.
Accordingly, this assignment of error is without merit.

DECREE

For the reasons herein stated, the judgment of the trial court is affirmed. The appellant, Roger Fleshman, is cast for all costs.
AFFIRMED.

. At the time of Darryl Sanches’ application for tutorship of his son, La.C.C. art. 258 read as herein stated. This article was amended in 1992 and this Court will not apply the amended article retroactively.
La.C.C. art. 258 now states the following:
If the parents are divorced or judicially separated, only the one to whom the court has entrusted the care and custody of the children has a right to appoint a tutor for them as provided in Article 257. However, if the parents have been awarded joint custody of the children, then the right to appoint a tutor for them belongs to the parent dying last, but either parent may appoint a tutor of the property of the children as provided in Article 257. In the event that both parents appoint a tutor of the property of the children, the tutors shall separately administer that portion of the children’s property which is attributable to the respective parent’s estate. The court shall decide which tutor shall administer that portion of the children’s property which is not attributable to either parent's estate.

. See Succession of LeRuth, 569 So.2d 555, 557 (La.App. 5th Cir.1990).

. Roger Fleshman maintains that when Mildred Fleshman named him tutor for Stephen in her will, this was sufficient to separate the tutorship functions under La.C.C.P. art. 4069. However, the statute clearly gives the trial court discretion to determine whether a separate tutor over the property is necessary or in the best interests of the child. Additionally, Article 4069 requires an exception circumstance with good cause shown.
In his reasons for judgment, the trial court stated that an allegation that a separate tutor over the property was needed was insufficient to prevent confirmation of an otherwise qualified natural tutor. This Court agrees that the purpose of Article 4069 is to protect the minor’s property, but the trial court did not abuse its discretion when he refused to separate the tutorship.