Judge Roland L. Belsome
| TThis appeal is taken from the trial court’s granting of James England’s Petition for Tutorship. For the reasons that follow, we affirm.

Facts

James England and Alina Julia England were married in 2006 and divorced in 2015. Mr. and Ms. England are the parents of two daughters, S.E.[1] and C.E.[2] After a bitter custody trial, it was determined that joint, shared custody was in the best interest of the children; and Mr. England was declared the domiciliary parent.[3]
Sometime in the course of the divorce and custody proceedings, the minor children were patients of Psychologist Marianne Walsh. Mr. England filed a lawsuit alleging that Dr. Walsh colluded with Ms. England to manipulate the custody proceedings and to alienate the children from him. The lawsuit seeking damages was filed by Mr. England in his individual capacity and on behalf of his minor children.
Due to the divorce, Mr. England was required to file a Petition for Tutorship as the natural father of the two minors to proceed with the lawsuit against Dr. laWalsh. The petition sought his appointment as the tutor and the appointment of his father, Dr. Leslie England, as the un-dertutor. The trial court held a hearing on the Petition for Tutorship and concluded that Mr. England should be appointed the minors’ natural tutor and his father, Dr. England, should be the undertutor. This appeal followed.

Assignments of Error

On appeal, Ms. England maintains that the trial court abused its discretion in ap *722 pointing Mr. England as the natural tutor of the minor children, and his father as the undertutor. Ms. England argues that an independent third-party should have been appointed as tutor over the property of the minor children.

Discussion

Mr. England petitioned for tutorship as the natural father of the minor children. However, Ms. England seeks to have an independent third-party appointed as tutor in accordance with La. C.C.P. art. 4069. Article 4069 provides in pertinent part:
A. In exceptional cases and for good cause shown, the court may appoint a bank or another person as administrator or tutor of the property of the minor. This appointment may be made upon the court’s own motion or upon the motion of the tutor or other person entitled to the tutorship if no tutor has been previously appointed, or upon motion of any interested person after a contradictory hearing with the tutor, administrator, or person entitled to the tutorship or the administration.[4]
Ms. England contends that because Mr. England has filed suit on his and the minor children’s behalf, a conflict of interest exists. Thus, she insists that “good cause” exists under article 4069. In support of this contention, she cites to In re Tutorship of Werling.[5] In Werling, the minor’s mother killed his father, Carl Werling, Jr. The decedent had a substantial amount of life insurance at the time of his death. The minor’s mother was the primary beneficiary of the insurance proceeds, and the minor was the secondary beneficiary.
Pursuant to article 4069, a friend and personal attorney to the decedent filed a petition requesting to be appointed as separate tutor of the property of the minor, or, in the alternative, for some other third-party to be appointed by the court. Because the minor’s mother killed her husband, she could potentially be disqualified as the first named beneficiary of the death benefits. Thus, the minor would become the beneficiary. The petitioner argued that allowing the mother to remain as natural tutor over the minor’s property created an “exceptional case” under article 4069 that established the need for the protection of a separate tutor. This Court agreed and ordered the trial court, on remand, to hold an expedited hearing to appoint a separate tutor for the minor.[6]
Clearly, Werling is a case with exceptional circumstances that gave rise to “good cause” for the appointment of a separate tutor. In the instant case, there is not an obvious “good cause” need for the appointment of a third-party tutor as in Werling. Although Ms. England maintains that there is a conflict of interest between the father and the minor children, the record before us does not support that contention. Additionally, as noted in Matter of Sanches, “the statute clearly gives the trial court discretion to determine whether a separate tutor over the ^property is necessary or in the best interests of the child.”[7] Accordingly, under these circumstances, we do not find the *723 trial court abused its discretion in failing to find an exceptional. circumstance with good cause shown to appoint a third-party as tutor.

Conclusion

For the reasons discussed, this Court affirms the trial court’s appointment of James England as the minor children’s natural tutor and Dr. Leslie England as the minor children’s undertutor.
AFFIRMED
JENKINS, J., CONCURS IN THE RESULT

. DOB 3/21/2007.

. DOB 7/16/2008.

.The trial court’s judgment determining cus- • tody is the subject of a pending appeal in this Court filed by Ms. England.

. La. C.C.P. art. 4069 (emphasis added).

. 518 So.2d 1177 (La.App. 4th Cir. 1988).

. Initially, the matter was remanded to the trial court after this Court reversed the granting of exceptions of no cause and no right of action. In re Werling, 459 So.2d 758 (La.App. 4th Cir. 1984). On remand, the trial court failed to follow the direction of this Court and found the matter to be moot. That decision was appealed resulting in this Court’s order to the lower court for re-allotment and expedited consideration. In re Werling, 518 So.2d 1177 (La.App. 4th Cir. 1988).

. 619 So.2d 799, 802, 803 n.3 (La.App. 1st Cir. 1993).