# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2024 CA 0512

## IN THE MATTER OF THE MINORS J.C., A.C., AND J.C.[1]

*DATE OF JUDGMENT:*    DEC 2 7 2024

ON APPEAL FROM THE TWENTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF LIVINGSTON, STATE OF LOUISIANA
NUMBER 181544, DIVISION C

HONORABLE ERIKA W. SLEDGE, JUDGE

* * * * * *

| | |
|---|---|
| Wyman E. Bankston<br>Livingston, Louisiana | Counsel for Appellee<br>W.S.C. |
| A. Gregory Rome<br>Jennifer Racca<br>Baton Rouge, Louisiana | Counsel for Appellant<br>V.L.T. |

* * * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

Disposition: **REVERSED AND REMANDED.**

---

[1] In order to protect the identity of the minors involved in this appeal and to ensure their confidentiality, the initials of the parties and the minors are used throughout this opinion. See Uniform Rules, Courts of Appeal, Rule 5-2.

**Chutz, J.**

Petitioner, V.L.T., appeals a judgment dismissing, on an exception of no right of action, her petition for confirmation as provisional tutor of her three minor grandchildren with authority to compromise their claims and vacating a prior order appointing her as the minors' provisional tutor. We reverse and remand.

## FACTUAL AND PROCEDURAL HISTORY

Three children were born of the relationship between J.P.C. and W.S.C.: J.C. in 2016; A.C. in 2017; and J.C. in 2018. On February 21, 2023, W.S.C. shot and killed J.P.C. Several months later, a grand jury pretermitted consideration of the killing of J.P.C. The record contains no evidence W.S.C. was ever arrested or charged with any offense in connection with the shooting. The three children have remained in W.S.C.'s physical custody and care.

Petitioner is the paternal grandmother of the minor children. On February 8, 2024, she filed an emergency petition for confirmation as the children's provisional tutor and for authority to compromise their claims. Petitioner alleged it was necessary for her to be appointed as the children's provisional tutor so that she could protect their financial interests, in part by filing a wrongful death suit against their mother W.S.C. Additionally, petitioner alleged the children have a vested interest in the proceeds of their father's life insurance policy because their mother, who is the named beneficiary, may be disqualified from receiving the proceeds under La. R.S. 22:901 (*i.e.*, the Slayer Statute).[2] The trial court signed an order appointing

---

[2] Louisiana Revised Statutes 22:901(D)(1) provides:

> No beneficiary … under any personal insurance contract shall receive from the insurer any benefits under the contract accruing upon the death … of the individual insured when the beneficiary … is either:
>
> (a) Held by a final judgment of a court of competent jurisdiction to be criminally responsible for the death … of the individual insured.
>
> (b) Judicially determined to have participated in the intentional, unjustified killing of the individual insured.

2

petitioner as the children's provisional tutor on the day the petition was filed. Further, W.S.C. was ordered to show cause why petitioner should not be confirmed as the children's provisional tutor.

In response, W.S.C. filed an answer, a peremptory exception raising the objection of no right of action, and a dilatory exception raising the objection of prematurity. Following a hearing, the trial court rendered judgment in favor of W.S.C. on the grounds that she was the children's natural tutor and there were no pending criminal charges against her as a result of J.P.C.'s death. On April 3, 2023, the trial court signed a judgment sustaining W.S.C.'s exception of no right of action and dismissing the petition of the children's grandmother to be confirmed as their provisional tutor with authority to compromise their claims. Rather than reaching the merits of the exception of prematurity, the trial court overruled it on the grounds of mootness. The trial court's judgment also vacated the prior order appointing petitioner as the children's provisional tutor. Petitioner now appeals.

**APPLICABLE LAW**

The purpose of the peremptory exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted. The exception assumes the petition states a valid cause of action for some person and questions whether the plaintiff is a member of the class that has a legal interest in the subject matter of the litigation. *HPC Biologicals, Inc. v. UnitedHealthcare of Louisiana, Inc.,* 16-0585 (La. App. 1st Cir. 5/26/16), 194 So.3d 784, 792. The exception does not raise the question of the plaintiff's ability to prevail on the merits nor the question of whether the defendant may have a valid defense. *Pearce v. Lagarde,* 20-1224 (La. App. 1st Cir. 10/7/21), 330 So.3d 1160, 1167, writ denied, 22-00010 (La. 2/22/22), 333 So.3d 446.

To prevail, the party raising the exception of no right of action must show the plaintiff does not have an interest in the subject matter of the suit or the legal capacity

3

to proceed with the suit. *Pearce*, 330 So.3d at 1167. Particularly when the protection of minors' rights is involved in a tutorship proceeding, a liberal construction of who is an interested party would appear to be appropriate. See *In re Tutorship of Werling*, 459 So.2d 758, 764 (La. App. 4th Cir. 1984). Where doubt exists regarding the appropriateness of an objection of no right of action, it should be resolved in favor of the plaintiff. *Pearce*, 330 So.3d at 1167.

Trial court rulings maintaining exceptions of no right of action are reviewed *de novo* on appeal because they involve questions of law. When evidence is introduced to support or controvert an exception of no right of action, however, a trial court's factual findings are reviewed under the manifest error-clearly wrong standard of review. *Pearce*, 330 So.3d at 1167.

## DISCUSSION

On appeal, petitioner argues the trial court erred in sustaining the exception of no right of action, in vacating the prior order granting her provisional tutorship of the children, and in denying her an opportunity to amend her petition. She maintains she meets all of the qualifications to be appointed provisional tutor of the children and is a member of the class of persons who have a legal interest in the subject matter of the litigation in order to preserve the rights and property of her minor grandchildren. Petitioner contends the children's rights and property include a financial interest in their father's life insurance policy, as well as a claim against their mother for the wrongful death of their father.

In opposition, W.S.C. contends petitioner has no right to be granted provisional tutorship of the minor children because they have a surviving parent and natural tutor. She argues the rights petitioner seeks to assert on behalf of the children lie with her, as the children's mother and natural tutor.

It is true that upon the death of a parent, the tutorship of minor children belongs of right to the surviving parent as a tutorship by nature. See La. C.C. art.

4

250. Nevertheless, the flaw with W.S.C.'s position, which the trial court apparently accepted, is that it ignores those situations in which a person other than a surviving parent has the right to seek tutorship of minor children. Louisiana Code of Civil Procedure article 4070 provides:

> On the application of **an interested person** or on its own motion, **pending the appointment of a tutor**, the court may appoint a qualified person as provisional tutor of a minor, if such appointment is necessary for the welfare of the minor or for the preservation of his property. [Emphasis added.]

Further, under certain circumstances, La. C.C.P. art. 4069(A) authorizes the appointment of a separate tutor over a minor's property even when there is a surviving parent. This article provides:

> **In exceptional cases and for good cause shown, the court may appoint** a bank or **another person as** administrator or **tutor of the property of the minor. This appointment may be made** upon the court's own motion or upon the motion of the tutor or other person entitled to the tutorship if no tutor has been previously appointed, or **upon motion of any interested person** after a contradictory hearing with the tutor, administrator, or person entitled to the tutorship or the administration. [Emphasis added.]

Thus, in exceptional cases and for good cause shown, any *interested person* may seek tutorship over a minor's property in order to preserve that property. Further, we note that while W.S.C. argues petitioner has no right to be appointed as the children's tutor because W.S.C. was already their natural tutor, the application of Article 4069 is not restricted to the initial appointment of a tutor.[3] The court may appoint a separate tutor over a minor's property at any time provided there has been a sufficient showing of exceptional circumstances. See La. C.C.P. art. 4069, Official Revision Comments, Comment (b).

---

[3] Additionally, we note W.S.C. presented no evidence at the hearing on this matter showing she has been appointed or confirmed as the children's natural tutor or that she complied with the prerequisites delineated in La. C.C.P. art. 4061 for natural tutors. While upon the death of one parent, the tutorship of minor children belongs of right to the other parent, that right is inchoate. La. C.C. art. 250; *In re Tutorship of Watts*, 96-0073 (La. App. 1st Cir. 9/27/96) 681 So.2d 74, 76; see also *Griffith v. Roy*, 263 La. 712, 733-34, 269 So.2d 217, 225 (1972). As with all other tutorships, natural tutorships have existence only after appointment of the tutor by a judicial tribunal. *Griffith*, 269 So.2d at 225; *In re Tutorship of Watts*, 681 So.2d at 76.

In *Walker v. State Farm Mutual Automobile Insurance Company*, 33,781 (La. App. 2d Cir. 8/25/00), 765 So.2d 1224, 1225, the father of two minor children was killed in a vehicular accident in which the children's mother was driving. Pursuant to Article 4069, the children's paternal uncle was appointed provisional tutor over the property of the children, while their mother retained tutorship over the person of the surviving minor children. See *Walker*, 765 So.2d at 1226-28. Similarly, in *In re Tutorship of Werling*, 518 So.2d 1177, 1178 (La. App. 4th Cir. 1988), the father of a minor child was shot and killed by his estranged wife. The Fourth Circuit held an attorney who was a friend, professional associate, and personal attorney to the deceased father was an *interested person* who had a right of action under Article 4069 to petition the court to be appointed as a separate tutor over the minor's property. The court believed there was a conflict of interest between the mother and the minor child due to the mother being the first beneficiary under a substantial life insurance policy while the minor was the secondary beneficiary. *In re Tutorship of Werling*, 518 So.2d at 1179-80.

In the instant case, we believe petitioner also is an *interested person* who clearly falls within the class of persons to whom Article 4069 grants a right to seek separate tutorship over the minor children's property.[4] As their grandmother, petitioner has a natural, familial interest in protecting the children's property.[5]

---

[4] Although petitioner asserts in her appellate brief that her appointment as provisional tutor is governed by Article 4069, her petition did not request appointment as separate tutor over the children's property pursuant to Article 4069. Rather, petitioner alleged her appointment as the children's provisional tutor was necessary to protect the children's potential financial interests in the proceeds of their father's life insurance policy and in a wrongful death claim against their mother and merely requested appointment as their provisional tutor. W.S.C. argues petitioner's reliance on Article 4069 in her appellate brief is asserting a new cause of action for the first time on appeal. We disagree. In Louisiana, which is a fact-pleading state, relief may be granted under any legal theory supported by the facts. La. C.C.P. arts. 854, 862, 865, and 2164; *Griffin v. BSFI W. E & P, Inc.*, 00-2122 (La. App. 1st Cir. 2/15/02), 812 So.2d 726, 736. It is not necessary for a plaintiff to plead the theory of her case in the petition. *Kunath v. Gafford*, 20-01266 (La. 9/30/21), 330 So.3d 161, 166 n.6.

[5] Regarding any potential wrongful death claim brought on behalf of the minor children against their mother, we note La. R.S. 9:571(B) provides an unemancipated minor may not sue "any person having parental authority over him." This statute does not destroy a minor child's cause of action against his parent, but only acts as a procedural bar during the child's minority, during which time

6

Therefore, we conclude the trial court erred in finding petitioner has no right to petition the court for provisional tutorship of her minor grandchildren because the children's mother was their natural tutor. Under exceptional circumstances and for good cause, Article 4069 allows the appointment of a separate tutor over a minor's property even when a minor child has a surviving parent. See *Walker*, 765 So.2d at 1226-28; *In re Tutorship of Werling*, 518 So.2d at 1179-80. In such cases, the appointment of a separate tutor over a minor's property does not deprive the surviving parent of the care and custody of the minor. La. C.C.P. art. 4069, Official Revision Comments, Comment (a); *Walker*, 765 So.2d 1224, 1228. Further, to the extent the trial court found petitioner has no right of action because there were no pending criminal charges against W.S.C., that is a factor going to the merits of this matter and not to the issue of whether petitioner has a right to seek tutorship of her grandchildren.

Our conclusion that petitioner has a right to seek tutorship over the property of her grandchildren does not reflect any opinion by this court on the merits of whether petitioner is entitled to an appointment as separate tutor over the children's property, but only that she has a right to seek such a tutorship under Article 4069. To prove entitlement to such a tutorship, it is incumbent on petitioner to show this case is an exceptional one in which good cause exists to warrant her appointment as a separate tutor over her grandchildren's property. See La. C.C.P. art. 4069.

---

prescription is suspended under La. C.C. art. 3469. This procedural bar operates against the minor's legal representative or tutor regardless of the circumstances of his appointment. *Cox v. Gaylord Container Corporation*, 03-0692 (La. App. 1st Cir. 2/16/05), 897 So.2d 1, 3 (on rehearing) (*en banc*), writ denied, 05-0749 (La. 5/6/05), 901 So.2d 1102; *Walker*, 765 So.2d at 1226-28. While this procedural bar may have some bearing on whether petitioner can establish "good cause" for her appointment as a separate provisional tutor over the children's property, it has no bearing on her right to seek such a tutorship since it goes to the merits of her claim. An exception of no right of action does not question whether the plaintiff can prevail on the merits or whether the defendant has a valid defense. *Pearce*, 330 So.3d at 1167.

## CONCLUSION

For these reasons, the trial court's April 3, 2024 judgment is reversed and this matter is remanded for further proceedings consistent with this opinion.[6] All costs of this appeal are assessed to appellee, W.S.C.

**REVERSED AND REMANDED.**

---

[6] In her appellate brief, W.S.C. complains petitioner failed to comply with the notice requirements applicable under La. C.C.P. art. 4065 when a petition for appointment as legal or dative tutor is filed. This complaint relates to the issue of prematurity rather than the petitioner's right of action. Although W.S.C. filed an exception of prematurity below, the trial court did not reach the issue because it held the exception was moot once it sustained W.S.C.'s exception of no right of action. Thus, this is a matter for the trial court's consideration upon remand.